## N. B. LORD v. A. L. ANDERSON.

16  185
f61  608

JOINT DEBTORS; *Compromise; Release by Creditor of one of Several Joint Debtors.* Where a partner sues his two copartners for a final accounting and settlement of the copartnership affairs, and it appears that the two partners sued had previously received jointly $1,281 more than they were entitled to, and the plaintiff $1,281 less he was entitled to, and while the action was pending, the plaintiff settled with and discharged from all further liability one of the defendants, *held,* that the judgment in favor of the plaintiff and against the other defendant should be for one-half of $1,281, to-wit, $640.50.

### Error from Franklin District Court.

ACTION by *Anderson* against *Lord* and another, to recover an alleged balance of $1,500. . Plaintiff brought his action against two defendants, and prosecuted it to judgment against *Lord* alone. Trial at the September Term 1874. Findings and judgment in favor of *Anderson* for $826.50, and interest, and costs. *Lord* appeals, and brings the case here on error. The principal facts are stated in the opinion.

*Thacher & Stephens,* for plaintiff in error.

*W. H. Maxwell,* and *C. R. Meigs,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action by one partner (A. L. Anderson) against two others (N. B. Lord and C. C. Smith) for a final accounting and settlement of the copartnership affairs. After the commencement of the action Anderson released Smith from all liability to him growing out of the partnership matters, and then prosecuted the action against Lord alone. There had been a settlement by the parties up to a certain time, and this action was to enforce that settlement, and for a further and final settlement of the copartnership affairs. The only assignment of error in this court is, that "the district court overruled the motion for a new trial made by the plaintiff in error," defendant below. The motion for a new trial reads as follows:

13—16 KAS.

"And now comes the defendant, and moves the court for a new trial for the reasons, 1st, The judgment is not sustained by the evidence; 2d, The decision of the court is against the evidence; 3d, The judgment of the court was rendered and entered for a larger amount than was due the plaintiff."

This motion was overruled, and the defendant below excepted; and this was the only exception taken to any ruling of the court below. The judgment of the court below was in favor of the plaintiff and against the defendant Lord for $826.50 principal sum, and $175 as interest; total $1,001.50. The findings of the court below were as follows:

The assets of the company was the Ottawa lot, taken by Lord at,...$4,500 00
Cash turned over to Smith by Anderson,..................................... 200 00

$4,700 00
Anderson advanced for company purposes,.............................. 2,571 50

Leaving net profits,.......................................................$2,128 50

One-third of the profits,................................................... $709 50
Add to this, Anderson's advancement,..... ................................ 2,571 50

Anderson should receive,...............................................$3,281 00
Deduct what Anderson received from Lord,............................. 2,000 00

$1,281 00
Deduct what Anderson received from Smith per Richmond,....... 100 00

$1,181 00
From this deduct one-half of balance due on advancement, because of release of Smith,........................................... 254 50

Balance due Anderson,............................................. .. $826 50

For which sum, with interest on $557.50 from October 3d 1870, and on $275 from May 24th 1873, making a total of $1,001.50, judgment should be entered in favor of Anderson and against Lord.

The evidence upon which these findings were made was conflicting and contradictory. But there was sufficient evidence to sustain every material finding of fact made by the court. We cannot, as we have many times decided, weigh the conflicting and contradictory evidence in a case, and determine on which side the preponderance lies. All that we can do is, to see whether the findings of the court are sustained by sufficient evidence without taking into consideration any of the contradictory or adverse evidence. Some of the foregoing findings however are not findings of fact from the evidence, but are merely conclusions from the other findings,

or conclusions of law. These findings, or rather conclusions, if we should find them erroneous, we can correct from the other findings, and from the admitted facts. The partnership-firm consisted of Anderson, Lord, and Smith. Anderson furnished all the capital, and all were to share equally in the profits. The court below finds that Anderson furnished $2,571.50. The evidence would have sustained a finding for a greater amount. The court also finds that the profits of the partnership were $2,128.50, making the total assets of the company $4,700. Of this amount Anderson should have received back his original capital, to-wit, $2,571.50, and one-third of the profits, to-wit, $709.50; total $3,281; and each of the other partners should have received one-third of the profits, that is, $709.50 each, or $1,419 in the aggregate. Now Anderson in fact received only $2,000 in available funds, and therefore should have received $1,281 more. While his two partners received in available assets $2,700, or $1,281 more than they were entitled to receive. They in fact received all the available assets of the company, which were $4,700, and then paid back to Anderson $2,000. They received this jointly. They acted together in the partial settlement by which this was done, as one person. Now, as Lord and Smith received $1,281 more than they were entitled to, and Anderson $1,281 less, it would seem that in a suit by Anderson against them he should recover that amount from them. But after this suit was commenced Anderson received from Smith $100, and discharged Smith from all further liability. This certainly ought to discharge one-half of the joint, or joint and several, or several liability of Lord and Smith. (Gen. Stat. 183, § 5; id., pp. 605, 606.) As Lord and Smith were liable in the aggregate to Anderson for $1,281, this compromise and settlement with Smith should have left Lord liable for only one-half of $1,281, or $640.50. On account of said compromise the court below did deduct $454.50 from said $1,281, leaving as the amount found due from Lord to Anderson, and for which, with interest, the court below rendered judgment

Lord v. Anderson.

for $826.50. One hundred dollars of said amount deducted, the court below says, is "what Anderson received from Smith per Richmond." And $254.50 of said amount, the court says, is "half of the balance due on advancement, because of release of Smith." Said $254.50 does not however seem to be one-half of any sum mentioned in the case. It, with the $100, paid by Smith, would however come within 25 cents of being one-half the share of the profits of each partner. The other hundred dollars deducted was probably deducted through a mistake in deducting $254.50 from $1,181, and calling the remainder $826.50. We think the court below decided correctly in determining that something more than the $100 paid by Smith to Anderson should be deducted on account of the discharge of Smith; but we think the court was mistaken in the rule it adopted to determine just how much should be deducted. We think that when Smith was discharged, just one-half of the amount due from Lord and Smith should have been deducted.* The uncontradicted evidence in the case shows, that Smith got his full share of the amount in value that went to Lord and Smith. That matter was arranged satisfactorily between Lord and Smith. We cannot say that the court below erred in determining that the amount due Anderson drew interest, and in fixing the time when the same commenced to draw interest. We have not scrutinized the question however very closely, as no pos-

[* THE amount due ($1,281) was not admitted by defendants, but was ascertained at the trial, and from the testimony. The amount paid to plaintiff before trial (by the released defendant, Smith,) was $100 only. Of course, the plaintiff was entitled to recover from Lord only the one-half of said $1,281 joint debt found due. He compromised with Smith for *less* than half at his peril. But take another case, (suggested by a referee's report recently made in an action in the Shawnee district court:) Suppose a plaintiff should claim that a specific sum, say $1200, was due him from two defendants; that one defendant, without knowing what sum was in fact due, should pay one-half the amount claimed, ($600,) and should be thereupon released; that the other defendant should resist the plaintiff's claim, and on trial it should be ascertained that the amount actually due from *both* defendants at the commencement of the suit was $400, *and no more*, and it should be shown that the released defendant had paid plaintiff $600 since suit brought: *how then?* The plaintiff by his settlement with *one* defendant has received the whole debt due him from *both*, and $200 in excess! Would he be also entitled to a *judgment* against the remaining defendant for $200, the one-half of the ascertained actual joint debt of $400? *If so*, then he obtains $800 where only $400 were due. "A creditor is entitled to *payment* but once."—REPORTER.]

sible error of the court in this respect could make much difference in the amount of the judgment that should be rendered. Anderson testifies that on October 3d 1870, he had already advanced $2,379.34 for the company. Lord at that time paid him $2,000 of the amount, and, as Anderson testifies, "said he would send balance of $379 to me [Anderson] next day." This $379 was evidently then due. There may have been other "unreasonable and vexatious delays of payment or settlement of accounts." (Gen. Stat. 525, ch. 51, § 2.) We cannot even tell from the record brought to this court when this present action was commenced. And of course, it devolves upon the plaintiff in error to show error. It is now difficult for us to determine from the findings of the court below what amount should draw interest from October 3d 1870, and what amount from May 24th 1873, as we have come to the conclusion that the amount for which judgment should be rendered should be only $640.50 instead of $826.50 as found by the court below. The court below finds the "Balance due Anderson $826.50," "with interest on $557.50 from October 3d 1870, and on $275 from May 24th 1873." Now, the aggregate of these two last-mentioned sums is more than $640.50, and even more than $826.50; and hence we hardly know how to divide the sum of $640.50 so as to make the right amount draw interest from October 3d 1870, and the right amount from May 24th 1873. But as it is the duty of the plaintiff in error to show error, and as we think he has not done so in this respect, we shall allow the court below to render judgment for interest on any sum not exceeding $557.50 from October 3d 1870, and interest on the balance of $640.50 from May 24th 1873.

The judgment of the court below will not be reversed, but the cause will be remanded with the order that the judgment be modified so as to correspond with this opinion.

All the Justices concurring.