JOHN THOMPSON, APPELLANT, v. JAMES THOMPSON, APPELLEE.

[FILED SEPTEMBER 30, 1890.]

1. **Conditional Deed**: AGREEMENT TO RECONVEY: DISABILITY. One T., a man nearly eighty years of age, was desirous of obtaining a loan of money on a quarter section of land, but the loan agent objected on the ground that the company he represented would not make a loan to a person of great age. The loan agent thereupon suggested that the land be conveyed to J., a son of T., a man about forty years of age, who would procure the loan and give the security. This course was pursued and the loan obtained. *Held*, That a preponderance of the testimony established the fact that the conveyance to J. was not intended to be absolute, but to enable him to effect the loan; and, in an action by the father thereafter brought, J. would be compelled to reconvey, subject to the security for the loan.

2. **Wills**: ADMISSIBILITY IN EVIDENCE. Before the death of the testator, his will is not admissible in evidence to show title in a devisee.

3. **Supreme Court**: DEATH OF PARTY AFTER SUBMISSION. The plaintiff, having died after the cause was submitted to the court, but before judgment, and it being apparent that the defendant had rights in the premises, the cause is remanded to the district court, with leave to the parties to file supplemental pleadings and take further testimony, and for the court to settle the ultimate rights of the parties.

APPEAL from the district court for Lancaster county. Heard below before FIELD, J.

*Sawyer & Snell*, for appellants, cited: 2 Pomeroy, Eq. Juris., secs. 943, note 1; 928, note 1; 955, 956, 957; *Whelan v. Whelan*, 3 Cow. [N. Y.], 537; *Tracy v. Sacket*, 1 O. St., 54; *Wilson v. Stubs*, Hob. [Eng.], 330a; *Stebbing v. Spicer*, 8 M., G. & S. [Eng.], 827; *State v. Vittum*, 9 N. H., 519; *Mulock v. Mulock*, 31 N. J. Eq., 594; *Thornton v. Ogden*, 32 Id., 723; *Ford v. Harrington*, 16 N. Y., 285; *Nichols v. McCarthy*, 3 N. E. Rep., 658; *Lavette v.*

*Sage,* 29 Conn., 589; *Woodbury v. Woodbury,* 2 N. E. Rep., 90; 1 Story, Eq. Juris. [10th Ed.], 194, 195, 197, 307, 310, 311; *Barnes v. Brown,* 32 Mich., 146; *Seeley v. Price,* 14 Id., 541; *Rake's Adm'r v. Pope,* 7 Ala., 161; *Hidden v. Jordan,* 21 Cal., 96; *Bryant v. Hendricks,* 5 Ia., 256; *Judd v. Mosley,* 30 Id., 425; *Laing v. McKee,* 13 Mich., 124; 2 Reed, Stat. Frauds, 542, 555, 582, 596, 643; *Ryan v. Dox,* 34·N. Y., 307; *Clark v. Clark,* 21 Neb., 402; *Hansen v. Berthelsen,* 19 Id., 434; *Redfield v. Holland Purchase Ins. Co.,* 56 N. Y., 354.

*Samuel J. Tuttle, contra,* cited: Freeman, Judgments, secs. 56, 57, 60, 67; Van Santvoord, Eq. Pl., 100; *Hendrix v. Rieman,* 6 Neb., 523; *Anderson v. Anderson,* 20 Wend. [N. Y.], 585; *Taylor v. Elliott,* 53 Ind., 442; *Stone v. Ringer,* 4 Heisk. [Tenn.], 265; *Gallagher v. Mars,* 50 Cal., 23; *O'Brien v. Gaslin,* 20 Neb., 351; *Callanan v. Judd,* 23 Wis., 343; *Perkins v. Lougee,* 6 Neb., 223; Pomeroy, Eq. Juris., sec. 1035; *Goulde v. Lynde,* 114 Mass., 366; *Osborn v. Osborn,* 29 N. J. Eq., 385; *Russ v. Mebius,* 16 Cal., 350; Perry, Trusts, sec. 164; *Stewart's Exrs. v. Lispenard,* 26 Wend. [N. Y.], 303; *Marmon v. Marmon,* 47 Ia., 121; *Mulloy v. Ingalls,* 4 Neb., 115; *Cole v. Cole,* 21 Id., 112; *Miller v. Finn,* 1 Id., 288; *Clark v. Tennant,* 5 Id., 557; *Mo. Valley Land Co. v. Bushnell,* 11 Id., 197; *Western Ins. Co. v. Putnam,* 20 Id., 331; *Ahlman v. Meyer,* 19 Id., 66; *Courvoirsier v. Bouvier,* 3 Id., 61; *Cresswell v. McCaig,* 11 Id., 227; *Roddy v. Roddy,* 3 Id., 96; *Hansen v. Berthelsen,* 19 Id., 433; *Adams v. Adams,* 79 Ill., 517; *Hasshagen v. Hasshagen,* 80 Cal., 514; *Admrs. of· Rasdall v. Rasdall,* 9 Wis., 350; *Arnold v. Baker,* 6 Neb., 135.

MAXWELL, J.

This action was brought by John Thompson, Sr., against his son, the defendant James Thompson, to obtain a decree

that the defendant had no estate or interest in a quarter section of land described in the petition, and for such other and different relief as to the court might seem proper.

On the trial of the cause the court below found the issues in favor of the defendant and dismissed the action.

The testimony tends to show that in the year 1881 John Thompson purchased a quarter section of land from the B. & M. Railway Company.    The purchase was made by John Thompson, Jr., and for his father, John Thompson, Sr., the agreement being taken in the name of John Thompson.    Payments were made upon the land as they accrued, and no difficulty occurred between the father and son until the year 1886.    In the year 1885 the defendant cultivated a portion of the land, and some difficulty seems to have occurred between him and his brother John.    This culminated in the year 1887, when it was agreed that John should receive $500 for money that he had paid on the contract and that thereupon he was to surrender his claim to said land.    In order to obtain the money to pay the balance due to the railway company on the land and to John the $500, it was necessary to effect a loan of $1,250. Thereupon, John, Sr., his sons John and James, applied to Louis Helmer, of Lincoln, for the proposed loan.    It was stated to Mr. Helmer that the plaintiff, John, Sr., was nearly eighty years of age, and he (Helmer) said that his company would not make a loan to a person of that age. He testifies that he suggested that the land be conveyed to James, who was to execute a note and mortgage for the sum borrowed.    This course was pursued and $1,250 was borrowed from Helmer.    The B. & M Company was paid the balance due on the land contract, and $500 to John, Jr. In this testimony Helmer is corroborated by John, Jr.

The defendant contends that the conveyance to him was absolute, but fails to deny the material facts testified to by Mr. Helmer in regard to the necessity of placing the title in his name.    Mr. Helmer also testifies that at the time he

made the suggestion of a conveyance to James, he also suggested that James, after the loan was effected, should reconvey to his father.   He is a disinterested witness and a business man, and in a case of this kind his testimony is entitled to great weight.

The clear weight of testimony sustains the grounds of the petition, that the conveyance to James was not absolute, but for the purpose of obtaining a loan, and that there was no intention to make an absolute conveyance to the defendant.   The judgment of the district court therefore must be reversed.

On the trial of the cause the will of the plaintiff John, Sr., was introduced in evidence, showing that the father intended to leave this land to the defendant.   The father was living at this time, and the will was clearly inadmissible.

After the testimony was taken in the case, and after the case was submitted to the court, but before a decision was rendered—the case apparently having been taken under advisement—the father died.   The survivors, however, stipulated that judgment might be rendered as of the day of trial.   The judgment was so rendered.

It is suggested that the father left a will disposing of his estate.   If so, the law has provided a tribunal to determine the validity of such will, and until so determined, it cannot be considered by this court.   It is apparent, however, that the defendant has some interest in the land in controversy, but just what that interest is we have no means of determining.   It is probable, too, that third parties have an interest in the land, as the defendant seems to have erected a dwelling house thereon.

The judgment of the district court is reversed, and the cause remanded to the district court with leave to the parties to file supplemental pleadings; and the court may take further testimony and make further findings thereon and decide the ultimate rights of the parties.

JUDGMENT ACCORDINGLY.

THE other judges concur.