RICE *v.* RICE.

Estates of Decedents—Assignment of Mortgage—Resulting Trust.

Where a real-estate mortgage is assigned without considera-
tion, and upon an understanding that the beneficial interest
shall remain in the assignor, a trust arises in favor of the lat-
ter, which, upon his death, passes to his estate, although the
assignment be absolute in form.

Appeal from Ionia; Davis, J. Submitted November 20,
1895. Decided December 3, 1895.

Bill by Julia E. Rice, administratrix of the estate of
Wallace E. Rice, deceased, against Alonzo Rice, to en-
force a trust. From a decree for complainant, defendant
appeals. Affirmed.

*R. A. Hawley,* for complainant.

*Clute & Clute,* for defendant.

Montgomery, J. The bill in this case was filed by the
complainant to have the defendant declared trustee of
the estate of Wallace E. Rice, deceased, and to require
the assignment to the complainant, as administratrix, of
a certain real-estate mortgage, delivered and assigned
to defendant by Wallace E. Rice in his lifetime.

It appears that, in the spring of 1892, Wallace E. Rice
was a resident of Ionia county, and was worth about
$3,500. He was afflicted with a pulmonary disease, and
desired to go to Colorado in hopes of benefiting his
health. His property at this time consisted of the mort-
gage in question, which amounted to $2,000, and some
unsecured notes and other personal property. It appears
that, before going to Colorado, Wallace executed to the
defendant an assignment of the mortgage, absolute in

107 Mich.—16

form, and the sole question in this case, as the same appears to us, is whether, by this conveyance, it was intended to vest a beneficial interest in the defendant, or whether the transfer was made for greater convenience in dealing with the security, in the interests of Wallace and his estate; and we are all agreed that the record does not leave this question in doubt, if we confine ourselves to the undisputed testimony and to facts testified to by the defendant. It is proper to say that we are convinced that the defendant has at no time contemplated a diversion of the property to his own use, but has had in contemplation the preservation of the proceeds of the mortgage for the two minor children of the deceased; but we are unable to find any trust in favor of the children. Either the effect of the assignment was to vest in the defendant an indefeasible right, or a trust resulted in favor of Wallace in his lifetime, and a right remained in him which vested in his estate on his decease.

It appears by the testimony that Wallace first prepared a power of attorney to collect the mortgage, and gave it to the defendant. Defendant then said to him, "If you die or something happens to you, I could not collect it." Wallace then took the mortgage back, leaving the power of attorney, and afterwards brought the assignment, saying to the defendant, "You can use it now." It also appears from the testimony of the defendant, given on his examination had in the probate court, that no consideration passed to Wallace upon this transfer, and on said examination he (the defendant) further testified:

"I do not think it was a gift to me. I supposed it was placed in my hands for the benefit of his children. Nothing was said about it. I intend to use the mortgage for the benefit of said children."

On the trial of the present case the defendant gave the following testimony:

"*Q.* In case he (Wallace) had lived, and you had col-

lected this money, you would have sent it to him, wouldn't you?

"*A.*   If he had lived, and got well, I presume I should.
"*Q.*   Don't you know you would?
"*A.*   Why, yes."

This testimony and statement of defendant show that there was no consideration passing to Wallace; that defendant did not understand that the transfer was a gift, but did understand that the beneficial interest was still in Wallace.  If this be so, that interest, in the absence of an express trust in favor of the children, passed, on Wallace's death, to his estate.  There is no evidence of any declaration of trust in favor of the children.

The circuit judge granted the relief prayed, and the decree is affirmed, with costs.

McGRATH, C. J., LONG and GRANT, JJ., concurred. HOOKER, J., did not sit.