Apple v. Smith.

---

No. 22,362.

W. T. APPLE, *Appellee,* v. WESLEY M. SMITH, *Appellant.*

### OPINION ON REHEARING.

#### SYLLABUS BY THE COURT.

1. DISSOLUTION OF PARTNERSHIP—*Jurisdiction of Parties—Order Affecting Real Estate in Another State.* A court of equity which has obtained jurisdiction of the parties in a proceeding to dissolve a partnership and make an accounting of partnership affairs may make an order that consequentially affects real estate in another state, where it is enforceable against the person of the party within its jurisdiction, and to that end may compel a partner holding partnership property in his own name in another state to convey it to the firm.

2. SAME—*Accounting—Personal Judgment Against Partner.* At the end of an accounting a personal judgment may be rendered, although the exigencies of the partnership business will require a further accounting of profits that will accrue before a sale of the partnership business and property can be made.

3. SAME—*Appointment of Receiver—Title to Partnership Property.* It is competent for a court of equity to appoint a receiver in winding up a

partnership and in making a disposition of partnership assets, but it is the better practice to require a partner holding partnership property in his own name in another state to transfer the same directly to the partnership, instead of to the receiver.

4. SAME—*Effect of Disobedience of Decree of Court.* In case a defendant partner refuses to assign and transfer property in another state in accordance with the decree of the court, it is competent for the court to order an accounting of the value of the property not assigned and transferred as the decree directed, and to render a personal judgment against the defendant for that value.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion on rehearing modifying former opinion filed May 8, 1920. (For original opinion of affirmance see 105 Kan. 732, 185 Pac. 903.)

*John S. Dean, Hiram W. Currey, T. F. Doran, Leonard S. Ferry, A. Scott Thompson,* all of Topeka, and *S. C. Westcott,* of Galena, for the appellant.

*Edward E. Sapp,* and *E. B. Morgan,* both of Galena, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The judgment in this case was affirmed on December 6, 1919 (105 Kan. 732), and on the 11th day of February, 1920, defendant's motion for a rehearing was denied. Upon application, permission to file a second motion for rehearing on certain propositions was allowed. The existence of a partnership between the parties and the extent of the business and property included in the partnership were fully considered and determined in the first hearing, and require no further attention. In his second motion for rehearing defendant urges again that the district court was without jurisdiction to adjudicate the title to leasehold interests in mines situated in Oklahoma. The answer to this proposition is that the action we have is one *in personam.* It is contended that a court of equity never decrees the performance of something which it cannot compel, but the district court entered a judgment which it may enforce as against the person of the defendant. The judgment rendered acts upon the defendant and only consequentially upon real estate in another state. Having obtained jurisdiction of the defendant, the court had authority to de-

termine the partnership relation between him and the plaintiff, and, finding that such a relation existed, it could determine their partnership rights in property in and out of the state, and make a decree enforceable against the defendant who is within the jurisdiction of the court. Authorities to that effect were cited in the original opinion, and many others might have been cited. In *Meador v. Manlove,* 97 Kan. 706, 156 Pac. 731, where a court of this state rendered a decree declaring a trust in lands in Illinois, it was contended that the court was without jurisdiction to declare a trust and compel a conveyance of land situate in another state, but it was held:

"Where a court of general jurisdiction has secured jurisdiction of the parties who hold the legal title to land in another state, it may render a judgment to impress a trust as to such land and order the trustees to execute a conveyance thereof; and the possible difficulties which may attend the enforcement of its judgment do not in any wise abridge its jurisdiction." (Syl. ¶ 1.)

In the early case of *Penn v. Lord Baltimore,* 1 Vesey 444, a court of chancery of England had before it the enforcement of a contract relating to land in America, and the chancellor decreed specific performance, conceding that it could not be enforced *in rem,* but holding that the decree, being one *in personam,* could be enforced in all cases where the party is within the jurisdiction of the court.

In *Northern Indiana Railroad Co. v. Michigan Central Railroad Co.,* 56 U. S. (15 Howard) 233, the court cited Judge Story's work on the Conflict of Laws, and approved the rule stated by him that:

"A court of chancery, having authority to act *in personam* will act indirectly, and under qualifications, upon real estate situate in a foreign country by reason of this authority over the person, and it will compel him to give effect to its decree, by a conveyance, release, or otherwise, respecting such property." (p. 243.)

In *Massie v. Watts,* 10 U. S. (6 Cranch) 148, Chief Justice Marshall, after citing a number of the authorities, said:

"Upon the authority of these cases, and of others which are to be found in the books, as well as upon general principles, this court is of opinion that, in a case of fraud, of trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree." (p. 160.)

In another case, the same court has said:

"A court of equity having authority to act upon the person may indirectly act upon real estate in another state, through the instrumentality of this authority over the person. Whatever it may do through the party it may do to give effect to its decree respecting property, whether it goes to the entire disposition of it or only to effect it with liens or burdens." (*Fall v. Eastin*, 215 U. S. 1, 8.)

(See, also, *The Cherokee Nation v. The State of Georgia*, 30 U. S. [5 Peters] 1; 69 L. R. A. 673; 27 L. R. A., n. s., 420; 10 R. C. L. 365.)

The court having the defendant before it had jurisdiction to render a judgment and apply any equitable remedy that could be enforced against the defendant.

There is a further contention that the court erred in the rendition of a personal judgment against the defendant for the amount found to be due to plaintiff on the accounting that was had. The claim is that the judgment was prematurely rendered, since there were assets of the firm undisposed of. This question was not brought to the attention of the court on the original hearing, but, assuming that it is raised in the record, we find no good ground for the complaint. The defendant joined with the plaintiff in an agreement for the appointment of a referee, who was to find, first, whether or not a partnership existed, and if an affirmative finding was made, an accounting was to be taken by the referee, but that if a contrary finding was made, then no accounting was to be taken. The accounting having been taken by agreement of both parties, defendant is hardly in a position at this time to challenge the propriety of taking an accounting or the power of a court to render a judgment upon the accounting. An accounting imports an adjustment of the accounts of the parties and the rendition of a judgment for the balance ascertained to be due. Apart from this consideration, this was an equitable action, and the court exercising equitable jurisdiction had power to apply any remedy that was equitable and appropriate. The accounting was taken up to the time the report was made. The mines owned by the partners were in operation and in the possession of the defendant. He was wrongfully excluding the plaintiff from the possession of the property and appropriating the products of the mines, one-half of which belonged to the plaintiff. It was necessary to

obtain action of the court upon the report of the referee and an appeal was taken from the judgment rendered on the report, which has been pending for months. When the appeal is finally determined the proceeding will still be before the district court for any action that equity may require. A further accounting will be necessary in order to ascertain the amount due to the plaintiff for the product of the mines and the profits of the business belonging to the firm from the time the report was made until the partnership affairs are finally closed. There is no lack of power in the court to provide for periodical accountings and to render personal judgment on each accounting that is made. The court will have the opportunity in the further accounting and in the final disposition of the case to fully protect the rights of each party and, after making proper allowances, to make a proper division and distribution of the assets of the partnership, taking into consideration the amount awarded to the plaintiff on the first accounting.

The remaining question raised on this motion for a rehearing is that there was error in that part of the judgment appointing a receiver and requiring the plaintiff and defendant to assign to the receiver the leases held in the name of each partner. The receiver was directed to sell the property and divide the proceeds of it equally between the partners, after first deducting from the share of the defendant any sum that remained due on the personal judgment then rendered. It is not an uncommon practice in a court of equity to appoint a receiver in winding up a partnership, and especially where one partner wrongfully excludes another from participating in the possession and control as well as the benefits of the business or property of the firm. (*Parnell v. Thompson,* 81 Kan. 119, 137, 105 Pac. 502; 20 R. C. L. 962.) In view, however, of the character of the litigation and the peculiar circumstances of the case, we think a better practice and a more equitable and appropriate judgment will be to require that the parties shall each assign and transfer directly to the firm the leases mentioned and all other partnership property held in the name of each individual partner. When that is done the court can make such further orders and judgment

for the disposition of the partnership property and the division of the proceeds as equity and the circumstances may warrant.

Under the facts found in the case relating to the wrongs practiced by the defendant in denying the plaintiff his rights in the partnership property and in misappropriating plaintiff's share of the output of the mines and the profits of the partnership business in another state, the court is warranted in having recourse to any equitable and effective remedy. Very broad powers are vested in a court of equity and they are generally held to be coextensive with the rights of persons to relief. In 1 Pomeroy's Equity Jurisprudence, § 170, it is said:

"It is absolutely impossible to enumerate all the special kinds of relief which may be granted, or to place any bounds to the power of the courts in shaping the relief in accordance with the circumstances of particular cases. As the nature and incidents of proprietary rights and interests, and of the circumstances attending them, and of the relations arising from them, are practically unlimited, so are the kinds and forms of specific relief applicable to these circumstances and relations."

It is within the power of the court to order and adjudge that if either party does not assign and transfer the interests and property ordered to be transferred to the firm within a reasonable time to be fixed by the court, that a further accounting be had, not only of the products and profits of the mines and other property of the firm withheld from a copartner, but also for the value of the share of the partnership property which either party fails to assign and transfer in compliance with the decree of the court. A personal judgment may be rendered on that accounting for the value of the property which is not transferred as the decree directs, as well as for a proper share of any profits or moneys derived from the partnership property since the last accounting and judgment was made and rendered. A refusal to make a transfer of property of the firm held by the defendant in accordance with the decree of the court is in a sense a conversion of the share of the other partner, but in any event a court of equity has power to make a complete settlement of the partnership affairs and, if the defendant does not comply with the decree of the court to assign and transfer the leases and other partnership property held in his own name, the court, having the defendant before it, has authority after

an accounting of values to render a personal judgment for the value of the property not so transferred, property which the defendant has, in effect, wrongfully converted and appropriated to his own use.

The judgment will be modified so as to require the partners to transfer the property held in their individual names to the firm of Apple & Smith, and to make such further orders for the enforcement of the judgment as will be in accordance with the views expressed herein.

So modified, the judgment is affirmed.