## COLEMAN v. APPLE.[*]

(Circuit Court of Appeals, Eighth Circuit. May 1, 1924.)

### No. 6386.

1. **Judgment ⬤⟿822(1)—Matters litigated in court of one state cannot be relitigated in another state.**

When a controversy has been litigated in one state court, and rights of parties thereto finally determined by a court having jurisdiction, subject of dispute settled is closed, and cannot be relitigated in court of another state, and decrees in any action relitigating controversy are without effect.

2. **Courts ⬤⟿18—Court of one state could determine ownership in land in another state in partnership action.**

Court of one state, in action for partnership accounting, had power to ascertain what property belonged to partnership, even though it was interest in land in another state.

3. **Partnership ⬤⟿68(2)—Real estate treated in equity as personalty in partnership settlement.**

When it comes to adjusting rights of partners inter sese, real estate owned by partnership is treated in equity as personal property.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action at law by W. T. Apple against G. L. Coleman, brought in state court and removed to federal court. Judgment for plaintiff, and defendant brings error. Affirmed.

John S. Dean, of Topeka, Kan. (A. Scott Thompson, of Miami, Okl., and Harry W. Colmery, of Topeka, Kan., on the brief), for plaintiff in error.

Edward E. Sapp and E. B. Morgan, both of Galena, Kan., for defendant in error.

Before LEWIS, Circuit Judge, and SYMES and PHILLIPS, District Judges.

LEWIS, Circuit Judge. This action was brought in the state court by Apple as obligee on a supersedeas bond against plaintiff in error Coleman, one of the sureties, and removed by Coleman to the Federal court on the ground of diverse citizenship. The bond was given by one Smith as principal on his appeal to the Supreme Court of Kansas from a decree which Apple had secured against him in a suit brought by Apple

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied July 21, 1924.

against Smith in the district court for Cherokee County, Kansas. In that suit Apple claimed that he and Smith were and for some years theretofore had been partners in taking leases on lands in Kansas and Oklahoma and in working and developing them for agricultural and mining purposes, that some of the leases had been taken for convenience in the name of one partner, others in the name of the other partner, and still others in the name of both, that the business of the partnership was conducted in the name of Apple & Smith, that it was agreed between them that each partner should, and each partner did, bear half of the losses sustained and shared half of the profits, but that Apple had discovered shortly before bringing that suit that Smith had withheld from him large profits on certain mining leases, principally on lands in Oklahoma, which Smith had taken in his name, but which were partnership assets, that Smith had concealed from Apple the latter's interest therein, assigned some of those leases and appropriated the profits and proceeds to his own use and benefit. Apple prayed for a dissolution of the partnership and an accounting between the partners. Smith's answer in that case is not in the record, but we are otherwise informed by the record that he claimed that some if not all of the mining leases in Oklahoma were not partnership property but belonged to him individually. On the trial of that case the court found the partnership as alleged, that all of the leases belonged to it, and on an accounting adjudged that Smith should pay Apple a large sum, much of which had been received by Smith from the mining leases on lands in Oklahoma. It further ordered that each partner assign the leases taken in his name to a receiver to be appointed by the court, that the receiver dispose of all partnership property, distribute the proceeds between the partners after deducting the amount found to be due from Smith to Apple on the accounting, and that the receiver then close the estate.

The bond here sued on was given by Smith on his appeal from that decree to the Kansas Supreme Court. That court affirmed the decree, with a modification, however, that Apple and Smith each assign the leases taken in their respective names to the partnership of Apple & Smith, instead of to a receiver. 105 Kan. 732, 185 Pac. 903; 106 Kan. 717, 190 Pac. 8. Smith then failed to pay the amount found to be due Apple on the accounting, and this action was brought against Coleman on the bond. The answer of Coleman thereto is that the bond was given without consideration and is void, because the Kansas courts were without jurisdiction in Apple's suit against Smith over the lands in Oklahoma and the leases thereon, and those courts could not require of Smith an accounting in relation thereto, that the amount adjudged against Smith on the accounting consisted almost wholly of the profits which Smith had made from those leases. Coleman further alleges in his answer that jurisdiction of the Kansas courts was challenged by Smith in the suit brought by Apple against him on the ground stated above, and that the judgment of the trial court in that case, and the judgment affirming it in the Supreme Court, are for those reasons wholly void. Coleman further pleads in his answer that after the decree was rendered in the district court for Cherokee County (also after the Kansas Supreme Court had rendered its opinion of affirmance)

Smith sued Apple in the Oklahoma State district court and obtained decrees adjudging that Apple at no time had any interest in those mining leases, that that court obtained jurisdiction over Apple and the subject-matter, and those decrees are set up in bar of this action against Coleman on the supersedeas bond.

[1, 2] In the Oklahoma suits brought by Smith against Apple, Smith alleged that Apple claimed an interest in the leases, that the claim was false and fraudulently made, that Apple had no interest therein, and he prayed that the court so adjudge and quiet Smith's titles as against Apple's adverse claim, and he obtained decrees accordingly. Insofar as those proceedings and the decrees entered therein constituted an attempt to relitigate and readjudicate the issues that had been presented, considered and determined in the case of Apple v. Smith in the Kansas courts, they were entirely without force or effect; for it is a fundamental principle that when a controversy has been litigated and the rights of the parties thereto finally determined and adjudged by a court having jurisdiction over the parties and the subject-matter, the subject of dispute settled in the prior litigation is closed and cannot be relitigated in another forum. We are, therefore, brought to inquire as to what was litigated and finally determined in the suit instituted by Apple against Smith in the Kansas court. We have no right to review and no power to revise the decree of the Kansas court; and in recognition of that principle the one contention here is that the Kansas court was either without jurisdiction or exceeded its jurisdiction. For several reasons we think there is no merit in the contention. This is a collateral proceeding. The Kansas court had jurisdiction over the parties and of the subject-matter, that is, of the dissolution and settlement of the partnership and its affairs between the partners. It was unavoidably its duty to ascertain what property belonged to the partnership. It had the power to do so, and having that power its decision on the subject was within its jurisdiction. This court, in Foltz v. St. Louis & S. F. Ry. Co., 60 Fed. 316, 8 C. C. A. 635, announced the rule on that subject as follows:

"Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court, by the law of its organization, to deal with the abstract question. * * * It empowers the court to determine every issue within the scope of its authority according to its own view of the law and the evidence, whether its decision is right or wrong, and every judgment or decision so rendered is final and conclusive upon the parties to it, unless reversed by writ of error or appeal, or impeached for fraud. * * * The decision of the question that is now admitted to be presented anew was the exercise of jurisdiction, and the rightful exercise of that jurisdiction, and, whether right or wrong, it cannot be successfully attacked in a collateral proceeding."

The Supreme Court, in Erickson v. United States, 44 Sup. Ct. 310, 68 L. Ed. ——, decided March 3, 1924, said:

"Jurisdiction is power to decide the case either way, as the merits may require."

Furthermore, the Kansas court in disposing of the question raised here relied upon the principle, that having jurisdiction over the parties it could compel them to make transfers or assignments of an interest in leases, though given on lands lying outside of the court's jurisdiction. Among other authorities relied upon by the Supreme Court in reaching its conclusion were Massie v. Watts, 6 Cranch, 148, Railroad Co. v. Railroad Co., 15 How. 233, and Fall v. Eastin, 215 U. S. 1, 8. In the case last cited it is said:

"The territorial limitation of the jurisdiction of courts of a state over property in another state has a limited exception in the jurisdiction of a court of equity, but it is an exception well defined. A court of equity having authority to act upon the person may indirectly act upon real estate in another state, through the instrumentality of this authority over the person. Whatever it may do through the party it may do to give effect to its decree respecting property, whether it goes to the entire disposition of it or only to effect it with liens or burdens. Story on Conflict of Laws, § 544. In French, Trustee, v. Hay, 22 Wall. 250, 252, this court said that a court of equity having jurisdiction in personam has power to require a defendant 'to do or to refrain from doing anything beyond the limits of its territorial jurisdiction which it might have required to be done or omitted within the limits of such territory.'"

[3] Again, when it comes to adjusting the rights of the partners inter sese, real estate owned by a partnership is treated in equity as personal property. Allen v. Withrow, 110 U. S. 119, 130, 3 Sup. Ct. 517, 28 L. Ed. 90; Riddle v. Whitehill, 135 U. S. 621, 635, 10 Sup. Ct. 924, 34 L. Ed. 283. For other authorities sustaining this rule see 22 Am. & Eng. Ency. Law (2d Ed.) 107; 30 Cyc. 434. In addition to this, the decree in favor of Apple and against Smith in the State court found the amount which Smith owed Apple on the accounting at that time, consisting of one-half of profits which Smith had received and withheld from Apple. It further decreed that the leases belonging to the partnership, whether held in its name or in the name of either of the partners, be sold and that a further accounting be made. Smith appealed, and the supersedeas bond required Smith, and Coleman as his surety, to pay to Apple the amount so found to be due the latter, on the accounting theretofore had. This action on the bond was for the purpose of recovering from Coleman the amount so adjudged in favor of Apple with interest thereon. Obviously, the State court was not greatly concerned about the source of Apple's share of the withheld profits as long as they accrued from partnership assets, whether from leases in Kansas or Oklahoma. The amount found in favor of Apple consisted of his share of the profits that had been received under leases by Smith.

We think there was no error committed by the court in rendering judgment on the pleadings in favor of defendant in error.

Affirmed.