FIDELITY & DEPOSIT CO. OF MARYLAND
et al. v. GASTON, WILLIAMS &
WIGMORE, Inc., et al.

(District Court, S. D. New York. February 10, 1926.)

1. Judgment ⟨⟩828(3).

Where state court refused to enjoin enforcement of judgment alleged to have been procured by fraud, federal court, in suit thereafter seeking same relief, will deny injunction.

2. Judgment ⟨⟩828(3).

Mere fact of change in prayer for relief does not affect decree in state court, as bar to later suit in federal court on same facts.

3. Courts ⟨⟩508(2).

Ultimate success of suit for specific performance of agreement for transfer of case to another state held by four judges of state Supreme Court not to be definite and subject to unfulfilled condition, held too doubtful to justify injunction against judgment of state court.

Decree affirmed in 13 F.(2d) 268. See, also, 213 Ala. 164, 104 So. 512.

Kaye, McDavitt & Scholer, of New York City (J. Frank McDavitt, Harold L. Fierman, and Albert Falck, all of New York City, of counsel), for complainants.

Cadwalader, Wickersham & Taft, of New York City (Edwin P. Grosvenor, of New York City, of counsel), for defendants.

BONDY, District Judge. This is an application for an injunction pendente lite, restraining the defendants from enforcing a judgment for $19,448.62, recovered by the defendant Gaston, Williams & Wigmore, Inc., against the complainant Blaine Damon in the circuit court of Mobile county, in May, 1923. After the entry of that judgment the complainants brought a suit in equity in the circuit court of Mobile county, Mobile, Ala., to enjoin the enforcement of that judgment, on the ground that the judgment was taken on default, in violation of an agreement to vacate the Alabama proceedings and to institute a new action in New York.

All the material facts alleged in the bill in the suit before this court were presented to the Alabama court. It denied the application for a temporary injunction, vacated a restraining order, and dismissed the bill on the merits for want of equity. The complainants appealed. The decree of the circuit court was affirmed by the Supreme Court of Alabama. In the opinion of Judge Gardner, concurred in by the three other judges who heard the appeal, it is stated that the judgment is sought to be avoided upon the ground that it was procured by fraud, and that after the institution of the suit a definite agreement had been reached between the parties, through their counsel, for a transfer of the cause to a New York court as a matter of convenience to all concerned, and that judgment was rendered without notice and in violation of this agreement. It is also stated in the

opinion that the facts alleged do not show a definite unconditional agreement for a transfer of the cause to the New York court, but only such transfer on condition that Damon file a bond there similar to the one in Mobile.

It is further stated that the bill alleged that "an agreement was reached to remove the case from Mobile to New York upon Damon's promise to file in New York a bond similar to that filed in Mobile," and that the proof discloses no bad faith on plaintiff's part, or that of its counsel, but that the judgment was in fact the result of the insistence of the trial court that the cause be determined and the docket cleared thereof, as ample time had elapsed, and further delay would not be tolerated. The opinion discloses that all the essential facts alleged in the bill before this court were considered by the court in Alabama. It held that, notwithstanding the facts alleged to constitute an agreement to transfer the trial of the cause to New York, Damon was not entitled to set aside the judgment or to restrain its enforcement.

[1] The correctness of the principle urged by complainants that a federal court may enjoin the execution of a judgment procured by fraud in a state court is not questioned. The difficulty that now confronts the complainants is that they sought the relief in an Alabama court, and not in a federal court, as they might have done. Having unsuccessfully sought relief in the state court, they cannot now seek substantially the same relief in a federal court, no matter how different the result might have been, if the suit originally had been brought in a federal court.

The complainants contend that the suit in Alabama was brought to open a default, and to allow the complainant Damon to defend the action in Alabama, whereas the present suit is one for specific performance. The prayer for relief in the Alabama suit was for an injunction until defenses of the complainant Damon to the original demand can be heard and determined upon their merits, without reference to the place of retrial. If, as Damon now urges, he sought to set aside the judgment in Alabama, for the purpose of trying the case in Alabama, and not New York, he acted in a manner entirely inconsistent with his demand for the specific performance of his alleged agreement to try the case in New York.

[2] The material facts established in the suit in Alabama, and those now alleged are the same. The relief really sought in both is the same, the setting aside of the conclusive judgment in Alabama, because obtained in violation of an agreement, and not the compulsion of litigation against Damon either in Alabama or New York. The mere fact that the complainant changes his prayer for relief does not affect the decree in the former suit as a bar to this suit. See Green v. Bogue, 158 U. S. 478, 15 S. Ct. 975, 39 L. Ed. 1061; In re Samuels (C. C. A.) 263 F. 561; Coleman v. Apple (C. C. A.) 298 F. 718. The granting of an injunction would be irreconcilably inconsistent with the decree of the circuit court of Mobile county.

[3] Moreover, four judges of the Supreme Court of Alabama were of the opinion that the agreement reached between the parties was not a definite one, and that there was not any fraud entitling the complainants to the setting aside of the judgment. The ultimate success of a suit brought for the specific performance of an agreement held by four judges not to be definite, and to be subject to a condition which has not been fulfilled, is too doubtful to justify the granting of the application.

The temporary injunction, therefore, must be denied.