MANDLEY v. BACKER et al.

No. 7703.

United States Court of Appeals for the
District of Columbia.

Argued March 11, 1941.

Decided April 21, 1941.

William A. Gallagher and Ellsworth L.
McIntosh, Jr., both of Washington, D. C.,
for appellant.

Albert Brick, of Washington, D. C., for
appellees.

Before GRONER, Chief Justice, and
MILLER and VINSON, Associate Justices.

GRONER, C. J.

Appellant was plaintiff in the court below. He is a carpenter by trade. His complaint alleges that in March, 1937, he owned a home in or near Hyattsville, Maryland, of the value of about $3,000; that he owed Hyattsville Building Association $400 secured by deed of trust on his property and was then in arrears in his installment payments; to avoid threatened foreclosure he engaged the services of appellees Gladman and Backer, residents of the District of Columbia, as his agents to handle negotiations with the Association; Gladman and Backer orally agreed they would take what-

ever steps might be necessary to save the property for him and would if it became necessary make a temporary advance of funds for this purpose, in which case they would take a lien upon the property or title to the property for the purpose of securing the advance, and in either event would hold the same in trust for appellant during such reasonable time as should be necessary to enable him to obtain funds to repay them. On this basis, appellant employed them and wholly relied upon them to carry out their undertaking, but instead of acting as they had agreed, they permitted the property to be sold and bought in by the Association and thereafter redeemed it at largely increased cost, taking title in the name of Backer, but at all times representing to appellant that they were acting for him and in his behalf. Thereafter they dispossessed him and rented the property to another person for approximately $35 per month and now deny the fact of their agency or that they are in any way accountable for their conduct. Appellant says that he has been at all times ready, willing, and able to compensate appellees for any just and proper expenditures made in his behalf, and asks for a decree ascertaining and declaring appellant's interest in the property and requiring appellees to execute such conveyances as should be necessary to effectuate the equities and rights of the parties.

There was a motion to dismiss on the ground (1) the trial court had no jurisdiction because the lands are located in Maryland; and (2) because the oral agreement relied on violated the statute of frauds. The trial court dismissed the complaint. We think this was error.

1. The proper parties were before the court, and in such a case it is within its power to make a decree on an equity subsisting between the parties respecting property situated out of the jurisdiction.[1]

2. It is also a settled rule that if a person acquires title to lands by means of an intentionally false and fraudulent verbal promise either to hold the same for a specified purpose or to convey or reconvey to a designated individual and, having thus fraudulently obtained title, retains the property as his own, equity will regard such person as holding the property charged with a constructive trust and will compel him to fulfill the trust by conveying according to his engagement.[2] In the cases in which the rule has been applied it is said that it is not the parol contract but the trust that is sought to be enforced. That, we think, is precisely the case here. To permit the trust to be repudiated and the evildoer to retain the fruits of his fraud would be wholly at variance with the fundamental principles of equity. As was said by Chief Judge Stacy of the Supreme Court of North Carolina in McNinch v. American Trust Co., supra [183 N.C. 33, 110 S.E. 665], in such cases it is not necessary that actual fraud be shown but only the establishment of such conduct and bad faith on the part of the defendants as would shock the conscience of the chancellor. If appellant's complaint states the truth, and on this motion it must be assumed it does, "it would be strange, indeed, if such conduct were beyond the reach of a court of equity".

Reversed and remanded with instructions to proceed in accordance with this opinion.

---

[1] Massie v. Watts, 6 Cranch, 148, 3 L.Ed. 181; Cole v. Cunningham, 133 U. S. 107, 117, 10 S.Ct. 269, 33 L.Ed. 538; New Jersey v. New York City, 283 U.S. 473, 482, 51 S.Ct. 519, 75 L.Ed. 1176; Caldwell v. Ulsh, 184 Ind. 725, 731, 112 N.E. 518; Meador v. Manlove, 97 Kan. 706, 156 P. 731; Apple v. Smith, 106 Kan. 717, 190 P. 8; Mead v. Brockner, 82 App.Div. 480, 81 N.Y.S. 594; Watkins v. Watkins, 160 Tenn. 1, 7, 88 S.W. 2d 1.

[2] Ammonette v. Black, 73 Ark. 310, 83 S.W. 910; Eason v. Wheeler, 167 Ark. 320, 268 S.W. 29; Thomas v. Goodbread, 78 Fla. 278, 82 So. 835; McNinch v. American Trust Co., 183 N.C. 33, 110 S.E. 663; Rice v. Rice, 107 Mich. 241, 65 N.W. 103; Thompson v. Thompson, 30 Neb. 489, 46 N.W. 638; and see 42 A.L.R. pp. 82, 85, 86, where many cases are cited on the rule.