Avis L. HULET, Appellant,

v.

H. T. MARTENSEN, Jr., Respondent.

No. KCD 28094.

Missouri Court of Appeals,
Kansas City District.

April 3, 1978.

Jerry Conkling, Kansas City, for appellant.

John C. Monica, Kansas City, for respondent; Shook, Hardy & Bacon, Kansas City, of counsel.

PRITCHARD, Judge.

This is an appeal from the decree of the trial court dissolving a partnership. Because appellant attacks certain aspects of the finding of facts and the decree, it will be here paraphrased:

The parties entered into a partnership agreement in 1958, which provided that the partners were to be equal and profits and losses would be shared equally by them. The partnership continued until May 31, 1972, at which time it was dissolved. Each partner contributed equally in money and property, and was entitled to draw equal amounts. Appellant drew $2,563.00 more than respondent from 1958 to 1962; and from 1962 to May 31, 1972, appellant drew $16,463.00 more than respondent. The net worth of the partnership assets as of May 31, 1972, was $115,778.00. Each partner took a musical instrument and removed it, they being of equal value and should be set off as the property of the partner possessing same. A truck owned by the partnership on May 31, 1972, remains as a partnership asset. Appellant has now converted many partnership assets to her own use, and has continued the partnership business after its dissolution. Respondent is entitled to recover from appellant 50% of the value of the partnership as of the date of dissolution, and 50% of appellant's excess draws from 1958 to May 31, 1972, and interest at 6% from May 31, 1972, in the amount of $11,896.35. Judgment was entered for respondent against appellant consisting of: $67,402.00, which is 50% of the value of the partnership assets as of the date of dissolution, and 50% of appellant's excess draw, plus interest, $11,896.35, a total of $79,298.35.

During the pendency of this appeal, the suggestion of the death of respondent was filed, and Geraldine Martensen as executrix of his estate was ordered substituted.

The business of the partnership consisted of the selling and renting of musical instru-

ments, appellant being the managing partner. It was dissolved by respondent on or about May 31, 1972, by his notification to appellant that he was dissolving it, he then demanding an accounting. Appellant does not question the computations of dollar amounts found by the trial court, but only certain procedures which were employed or which she says were improperly not used. Point I is "The trial court erred in failing to provide for distribution of partnership assets in accordance with Section 358.400 RSMo 1969." The point does not say why and wherein the court erred, but as nearly as may be gleaned from the argument, the complaint is that the court erred: in failing to find the extent of partnership liabilities to creditors other than partners; in failing to distribute the truck found to remain a partnership asset; in failing to distribute the inventory, bank deposits and other partnership property; and in failing to apply partnership assets in satisfaction of the partnership liabilities in accordance with § 358.400(2), RSMo 1969.

■ As noted, the court found the *net worth* of the partnership to be $115,778.00. That amount is not questioned by appellant. Adverting to the testimony of respondent's C.P.A. witness, William E. Mangold, it is found that in computing the net worth of the partnership, he took into account assets and liabilities, the latter figure including the extent of partnership liabilities to creditors other than partners. Appellant's account witness, Jesse Wallace, likewise testified that in arriving at net worth, the accounts payable were subtracted from assets. From this testimony, it is obvious that the trial court found these liabilities.

■ The court did not expressly distribute the truck, but found "that the truck owned by the partnership on May 31, 1972, remains a partnership asset." Again, the testimony of Mangold shows that the truck was included as an asset (cost $2,000.00, less depreciation $843.00, equalling $1,157.00). The court divided the net worth, as found, between the parties equally, and this necessarily included the value of the truck. Be-

cause the court gave a money judgment to respondent rather than ordering its liquidation as by sale of assets, there was error in not setting off the truck to appellant, respondent having received an accounting (by judgment) of his one-half interest therein.

The court did not err in failing to distribute the inventory, bank deposits and further partnership property for the reason that appellant, after respondent's notification of dissolution and demand for an accounting, continued the business and appropriated to herself respondent's interest, and her overdraws. In such case, a money judgment, in lieu of winding up the partnership by sale or distribution of assets, is proper. See *Schoeller v. Schoeller,* 465 S.W.2d 648, 654–655 (Mo.App.1971); and *Smith v. Kennebeck,* 502 S.W.2d 290, 293[3] (Mo.1973); where, as here, there was not a valid winding up of the partnership, but instead a continuation of the business without plaintiff's consent. Cited and quoted is Crane and Bromberg Law of Partnership § 86: " 'The situation changes if the business is not wound up, but continued, whether with or without agreement. In either case, the noncontinuing partner (or his representative) has a *first election* between two basic alternatives, either of which can be enforced in an action for an accounting. He can force a liquidation, taking his part of the proceeds and thus sharing in profits and losses after dissolution. Alternatively, he can permit the business to continue (or accept the fact that it has continued) and claim as a creditor (though subordinate to outside creditors) the value of his interest at dissolution. This gives him a participation in all values at dissolution, including asset appreciation and good will, and means he is unaffected by later changes in those values. If he takes the latter route, he has a *second election* to receiver in addition either interest (presumably at the local legal rate) or profits from date of dissolution.' " See also Annotations, 80 A.L.R. 12, 75; 55 A.L.R.2d 1391, 1420; and 1 Rowley on Partnership, § 42.3, p. 811, et seq. The state of Kansas, where this partnership business was conducted, accords with the rule that a personal judgment for the value of a partnership interest, where the business is continued after dissolution, may be given. *Apple v. Smith,* 106 Kan. 717, 190 P. 8, 10 (1920). Although the dissolution here occurred before Kansas adopted the Uniform Partnership Act in 1972, the right to have as an ordinary creditor an amount equal in value to the interest of a retiring partner, with optional interest, was codified in § 56–342, K.S.A. [L.1972, ch. 210, § 42; July 1]. The comparable Missouri statute is § 358.420, RSMo 1969. Moreover, under Kansas law, respondent was entitled to one-half the amount of overdraws taken by appellant, *Lord v. Anderson,* 16 Kan. 185 (1876).

Lastly, under Point I, appellant contends that the court erred in failing to apply partnership assets in satisfaction of partnership liabilities in accordance with § 358.400(2), RSMo 1969. As noted, the court in arriving at the partnership's net worth took into account its liabilities. It is apparent that § 358.400 applies only to situations calling for winding up of a partnership after dissolution, and that statute has no application where after dissolution the remaining partner continues the business without authority. *Stein v. Jung,* 492 S.W.2d 139 (Mo.App.1973), cited by appellant, does not aid her as defendant Jung elected to receive a division of profits after dissolution and during the winding up of that partnership.

By Point II, appellant asserts that the trial court erred in restricting the accounting and evidence adduced thereon to the determined date of dissolution. Apparently, the parties are in agreement that the dissolution date was on or about May 31, 1972. At trial, appellant herself objected to any post dissolution evidence. She now says that there was error in not receiving evidence during the life of the partnership down to and including the winding up of the business, citing again *Stein v. Jung,* supra. Because the business was continued solely by appellant after dissolution, evidence occurring thereafter was not relevant since respondent elected to receive his share

and interest thereon as of the date of dissolution, not profits occurring thereafter. Besides, the record shows that the court permitted appellant's evidence of her financial condition after the dissolution on several occasions. Point II is without merit.

■ Appellant contends that the court erred in entering a personal judgment against her (Point III). Under the cases above cited as to Point I, the entry of the judgment was proper. The *Kennebeck* case, supra, holds that the non-continuing partner may permit the business to continue and claim as a creditor, *though subordinate to outside creditors.* By so electing, respondent remains liable for unpaid partnership liabilities under § 358.360. That section is no bar to respondent's election right. Point III is overruled.

■ Lastly, by Point IV, appellant contends that the court erred in awarding respondent interest against her upon his interest in the partnership and upon the amounts found to be her overdraws. Again, the *Kennebeck* rule governs. See also *Turner v. Otis,* 30 Kan. 1, 1 P. 19, 25 (1883), holding that a partner who continues the business after dissolution and is found to have wrongfully obtained property, is liable for interest on the amount charged to him.

No erroneous declaration or application of the law appears. *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

The judgment is affirmed, except that it is modified and remanded with directions to set off the partnership truck to appellant.

All concur.