Battle, J.
 

 There is no doubt that where the contract for the sale of lands remains executory on both sides, the vendor has the same right to enforce a specific performance of it against the purchaser as the latter has against him. This is not denied by the counsel for the defendant, but he insists that where there is nothing for the purchaser to do, but to pay the price, the vendor cannot sustain a bill in equity against him, because he has a complete remedy by a suit for the money at law. Eor this position the counsel relies on the authority of a case referred to in a note to Adams’ Equity, 7T, where it is said: “ A specific performance will not be- decreed except where the legal remedy is inadequate, and something remains to be done besides the
 
 *68
 
 mere payment of money.” See
 
 Phyfe
 
 v.
 
 Wardell,
 
 2 Edwards, (N. Y.) Rep., 47.
 

 This is undoubtedly so in a .ease where the title to the land has been conveyed to the vendee, and the vendor has taken his note, or other security, for the purchase money; but it is otherwise when the title has been retained as a security for the price. In the latter case something remains to be done on both sides, and as the purchaser can go into equity for a specific performance, the principle of mutuality gives the same right to the vendor. Thus, we find it stated in a recent treatise on the subject, that “it is the principle ■of mutuality which has led to the practice of compelling specific performance of contracts for sale against the purchaser, where, in fact, the claim made by the bill is only the .sum of money agreed to -be paid. Now equity originally interfered to effect th.e performance -of contracts, in order to give the party the actual thing.contracted for, and at the instance of the purchaser ; but when once that jurisdiction was assumed, the principle of mutuality compelled ■equity to assist the vendor.” Batten on Spec. Perl'., p. 66, (67, Law Lib., 59). In the case of
 
 Phyfe
 
 v.
 
 Wardell,
 
 above referred to, nothing remained to be done by the vendor, so that he could not have maintained his bill for the price which the vendee had agreed to pay, but for another ingredient of equity which the case discloses. Had the title been retained by the vendor, then there would have been ■no necessity to resort to any other matter to sustain the equitable jurisdiction, for the case would have-come within the principle stated by Mr. Batten, and in support of which he cites several authorities.
 

 The order is affirmed, and the cause remanded, in order that the defendant may answer the bill.
 

 Per Curiam.
 

 Decretal order overruling the demurrer affirmed.