### NELSON v. HUSTED et al

(Circuit Court, D. Minnesota, Third Division. November 30, 1910.)

1. COURTS (§ 269*)—JURISDICTION OF FEDERAL COURTS—LOCAL ACTIONS.

A suit in equity in which complainant alleges that he entered into a contract to sell certain land to defendants, receiving a part of the purchase price, that defendants are in default as to a second payment, and prays for a specific enforcement of the contract, that complainant be given a judgment for the amount due on the contract and defendants' interest in the land be sold to pay the same, is not one "to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real * * * property," of which a Circuit Court of the United States in the district where the land is situated is given jurisdiction by section 8 of the federal judiciary act (Act March 3, 1875, c. 137, 18 Stat. 472 [U. S. Comp. St. 1901, p. 513]), although the defendants are not residents of or found within the district.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 809; Dec. Dig. § 269.*]

2. COURTS (§ 345*)—JURISDICTION OF FEDERAL COURTS — DISTRICT OF SUIT— WAIVER OF OBJECTION BY GENERAL APPEARANCE.

The filing of a demurrer in a suit in equity in a federal court, which, in addition to challenging the jurisdiction of the court, presents other grounds which go to the merits, constitutes a general appearance, and, where the case is one of which the court can take jurisdiction, waives not only want of service, but all special privileges of the defendants in respect to the particular court in which the action is brought.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. § 345.*]

3. COURTS (§ 262*)—FEDERAL COURTS — EQUITY JURISDICTION — ADEQUACY OF REMEDY AT LAW.

An exception to the general rule prescribed by Rev. St. § 723 (U. S. Comp. St. 1901, p. 583), that a suit in equity cannot be maintained in a federal court where there is a plain, adequate, and complete remedy at law, exists in the case of an executory contract for the sale of real estate, where the vendor has an election of remedies, and may maintain a suit in equity to enforce the obligation of the purchaser to pay the purchase money, whenever the latter could maintain such a suit to compel a conveyance.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 797, 798; Dec. Dig. § 262.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. SPECIFIC PERFORMANCE (§ 28*) — CONTRACTS ENFORCEABLE — CONTRACT FOR SALE OF LAND.

A contract for the sale of land *held* not so vague and uncertain as to be incapable of specific enforcement by a court of equity at suit of the vendor.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 61–68; Dec. Dig. § 28.*]

In Equity. Suit by Emil Alfred Nelson against William A. Husted, George F. Barlow, and Edward E. Barlow. On demurrer to amended bill. Overruled.

Frank E. McGray (W. B. Douglas, of counsel), for complainant.
A. E. Berglund (Henry J. Gjertsen, of counsel), for defendants.

WILLARD, District Judge. In this suit in equity the complainant is a citizen of the state of Minnesota, residing in the village of Hallock, which is in the Sixth division of this district. The defendants are citizens of the state of Illinois. The suit is sought to be maintained under the provisions of section 8 of the judiciary act (Act March 3, 1875, c. 137, 18 Stat. 472 [U. S. Comp. St. 1901, p. 513]). That section provides that when a suit is "commenced in any Circuit Court of the United States, to enforce any legal or equitable lien upon, or claim to or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought," it may be maintained although the defendants do not live in the district, and service may be made upon them outside of the district, or by publication. An order for service was made, but it was served only on the person in possession of the property in controversy which lies in the county of Kittson, in the Sixth division of this district. It was not served upon any one of the defendants. Without entering any formal appearance, they have, however, filed a demurrer to the amended bill.

The first ground of the demurrer is as follows:

"That it appears from said bill that all the defendants are citizens of the state of Illinois, which state is in the Seventh judicial circuit of the United States; that the complainant is a citizen of the state of Minnesota, which state is in the Eighth judicial circuit of the United States; and that this suit is brought by the complainant in the district of Minnesota, in the Eighth judicial circuit aforesaid, wherefore the defendants have been sued in the wrong district, and this court has no jurisdiction to enter any decree affecting the persons or property of these defendants, or any of them."

The bill alleges that on the 4th day of October, 1909, the orator made a contract with the defendants, whereby he agreed to sell, and defendants agreed to buy, the real estate in Kittson county therein referred to. By the terms of the contract, the defendants, having paid $1,000 on the date thereof, agreed to pay $6,000 on or before the 1st day of December, 1909, and the balance of the purchase price, amounting to $13,880, they agreed to pay in annual installments of not less than $800 each. When all of the purchase price had been paid except $7,000, the orator agreed to convey the property to the defendants, and to receive in payment of the $7,000 a mortgage upon

said land. These facts show that there is an incumbrance or lien upon the property in favor of the defendants, and that this incumbrance or lien constitutes a cloud upon the title of the orator, who in the bill is alleged to be the owner of the property. If the bill asked for a decree declaring that, if the defendants did not pay the $6,000 and did not fulfill the contract in other respects, their rights to the land should be terminated, the suit would be well within the provisions of the act of 1875.

But the bill is not framed upon that theory, and asks for no such relief. On the contrary, it asks that the contract be specifically performed, and that it be declared that the defendants have a lien upon the land, and that the orator have judgment for the $6,000, which was due on the 1st day of December, 1909, and which has not been paid, and that, if this judgment be not paid, the interest of the defendants in the land be sold for the purpose of satisfying and discharging it. So far from asking to have the lien or incumbrance removed, the bill expressly asks that it be kept alive by a sale thereof. At such a sale a third person might purchase, and the lien would by such purchase be transferred to him and still exist. The defendants, moreover, might pay the $6,000 before a sale, and thus keep the lien alive. The suit can, therefore, in no sense be called a suit to cancel an incumbrance or lien, or to remove a cloud from the title.

The bill also contains a prayer that the orator be declared the owner of the land subject to the claim or the lien of the defendants thereon. It cannot be contended that this prayer brings the case within that part of section 8, above referred to, which speaks of a suit to enforce a lien or claim upon real estate, for that section never contemplated a suit by a complainant to establish or enforce a lien against himself. The lien to be enforced must be a lien in his favor. The suit cannot be maintained under section 8 of the act of 1875. It is not therefore a local suit, but a transitory one.

Being a transitory suit, the question is whether it can be maintained in this district regardless of the act of 1875. It appears that there is a diversity of citizenship. It also appears that more than $2,000 is involved. A Circuit Court of the United States has therefore jurisdiction of the suit. Jurisdiction depending solely upon diverse citizenship, a suit can be maintained in the district either of the defendants or of the complainant; and, the complainant residing in Minnesota, the suit can be maintained in this district. Macon Grocery Co. v. Atlantic Coast Line, 215 U. S. 501, 30 Sup. Ct. 184, 54 L. Ed. ——. In order to proceed with the suit in this district, it was, of course, necessary that this court obtain jurisdiction over the defendants. That could be done either by service of process upon the defendants within the district, or by their voluntary appearance. No service was made upon them within the district. If they had appeared specially and objected to the jurisdiction, on the ground that they were never served within the district, the case would necessarily have been dismissed. Southern Pacific Company v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942. They, however, took no action of this kind; on the contrary, they presented a demurrer to the bill.

While that demurrer objects to the jurisdiction of the court, on the ground that the defendants are residents of the district of Illinois, it does not stop there, but presents other grounds which go to the merits of the case. Among the grounds of demurrer are the following:

"(3) That it appears from said bill that the complainant has a complete and adequate remedy at law.

"(4) That the contract upon which the complainant bases his right of action is too vague, uncertain, and unintelligible for enforcement in a court of equity.

"(6) That the complainant has not in and by his said bill made or stated such a case as entitles him in a court of equity to any relief from or against these defendants touching the matters contained in said bill, or any of such matters."

If this demurrer constitutes a general appearance, then the fact that no process was ever served upon the defendants in the district is immaterial. That it does constitute a general appearance is well settled.

In St. Louis & San Francisco Railway Company v. McBride, 141 U. S. 127, 128, 11 Sup. Ct. 982, 35 L. Ed. 659, the court said:

"The record contains no process, or service thereof. On the 4th day of November, 1890, the defendant filed a demurrer, on three grounds, as follows: '(1) Because the court has no jurisdiction of the person of the defendant. (2) Because the court has no jurisdiction of the subject-matter of the action. (3) Because the complaint does not state facts sufficient to constitute a cause of action.'"

Speaking of the effect of this demurrer, the court said on page 130, 141 U. S., on page 983, 11 Sup. Ct. (35 L. Ed. 659):

"Its demurrer, as appears, was based on three grounds, two referring to the question of jurisdiction, and the third that the complaint did not state facts sufficient to constitute a cause of action. There was, therefore, in the first instance, a general appearance to the merits. If the case was one of which the court could take jurisdiction, such an appearance waives not only all defects in the service, but all special privileges of the defendant in respect to the particular court in which the action is brought." Texas & Pacific Railway Co. v. Cox, 145 U. S. 593, 603, 12 Sup. Ct. 905, 36 L. Ed. 829.

In Citizens' Savings & Trust Company v. Illinois Central T. R. Co., 205 U. S. 46, 27 Sup. Ct. 425, 51 L. Ed. 703 (which was a proceeding brought under section 8 of the act of March 3, 1875), the defendants appeared specially, and objected to the jurisdiction of the court. It was there held that the mere fact that upon the hearing as to the sufficiency of the pleas to the jurisdiction counsel for defendants argued the merits of the case was not sufficient to constitute a general appearance. The objections of the defendants, therefore, that the court has no jurisdiction of them, cannot be maintained.

It remains to consider that part of the demurrer which relates to the subject-matter and to the merits of the suit. The defendants demurred on the ground that it appears from the bill that the complainant has a complete and adequate remedy at law. See section 723, Rev. St. U. S. (U. S. Comp. St. 1901, p. 583). It is apparent that the complainant can commence an action at law to recover the $6,000 and the further installments of the purchase price as they become due. It is also true that, if he wishes to subject the interest

of the defendants in the real estate in question to the payment of this debt, he does not need to resort to a court of equity for that purpose. By the laws of Minnesota such an interest is subject to attachment, and can be sold upon execution. Rev. Laws Minn. §§ 4218, 4296; Hook v. Northwest Thresher Co., 91 Minn. 482, 98 N. W. 463. But there is an exception to the rule contained in section 723, which is stated by the Circuit Court of Appeals of this circuit in Raymond v. San Gabriel Valley Land & Water Co., 53 Fed. 883, 885, 4 C. C. A. 89, 91. It was there said:

"A vendor of real estate, who has executed a title bond conditioned for the conveyance of the land upon the payment of the price, has an election of remedies to recover the purchase money. He may sue therefor at law, or he may resort to equity for a specific performance of the contract of the vendee. Whenever the purchaser has the right to go into equity and compel the execution and delivery of a deed, the principle of mutuality gives the vendor the right to go into equity to compel the vendee to perform the contract on his part by paying the purchase money. This is an exception to the general rule that equity will decline jurisdiction of a suit for a money demand which could be recovered by an action at law. The exception is based on the established doctrine of equity that the right to a specific performance must be mutual, and that it must be enjoyed alike by both parties to every contract to which the jurisdiction extends. In every case, therefore, where the vendee would have the right by a suit in equity to compel the execution and delivery of the deed by the vendor, the latter may by a similar suit enforce the obligation of the vendee to pay the purchase money. Pom. Cont. §§ 6, 165; Cathcart v. Robinson, 5 Pet. 264, 278 [8 L. Ed. 120]; Railroad Corp. v. Evans, 6 Gray [Mass.] 25 [66 Am. Dec. 394]; Hopper v. Hopper, 16 N. J. Eq. 147; Springs v. Sanders, 62 N. C. 67; Crary v. Smith, 2 N. Y. 60; Fry, Spec. Perf. § 23; Greenfield v. Carlton, 30 Ark. 547."

The demurrer therefore cannot be sustained upon this ground.

It is further said in the demurrer that the contract is too vague, uncertain, and unintelligible for enforcement in a court of equity. It does not appear from the contract whether the contract that was to be made on the 1st of December, 1909, should state the amount of the annual payments which should be made, if the defendants then elected to pay more than $800 a year. It does not appear from the contract whether when the purchase had been all paid except $7,000 that the mortgage referred to in the contract was to be a mortgage then to be given by the defendants, or a mortgage already existing upon the land. Nothing is said in the contract as to interest upon the deferred payments. Questions such as these can properly be determined after the evidence has been received as to the circumstances surrounding the parties when the contract mentioned in the bill was made. They do not render it so vague and uncertain as to make it impossible of performance.

It seems from the bill of complaint that the orator would be entitled to some relief. The demurrer accordingly is overruled, and defendants are assigned to answer the bill by rule day in January, 1911.