## ROBINSON v. SEATEX OIL CO., Inc., et al.
### Civil Action No. 1164.

District Court, N. D. Texas,
Dallas Division.

Nov. 11, 1944.

Simon, Wynn, Sanders & Jones, of Fort Worth, Tex., and Mohrle & Oster, of Dallas, Tex., for the motion.

Paul McMahon, of Dallas, Tex., and Victor Ford Collins, of Los Angeles, Cal., opposed.

ATWELL, District Judge.

The plaintiff is a citizen of the state of Nevada; defendant Seatex Oil Company, Inc., is a citizen of California, and defendant Red Bank Oil Company, Inc., is a citizen of Maine. By stipulation, the lack of residence of defendant Bennett and the other defendants is shown to be in Dallas County, Texas. It is also agreed that each of the corporations has its principal office and place of business in Dallas. Jurisdictional amount is involved.

The petition "is simple, concise and direct." Rule 8, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The fraud and stockholder allegations, Rules 9 and 23, may be elaborated if defendants request. Rule 12.

It is declared that certain mineral leases known as "The Mitchell leases," covering certain real property in the Mission River field in the County of Refugio, Texas, were owned by defendant Seatex Oil Company. That several of the directors of Seatex and the Red Bank were the same persons. That the boards of directors of each of said corporations were under the domination and control of the interlocking Board, both of which were dominated and controlled by Frank W. Bennett, the owner and controller of the Frank W. Bennett Company, which was a majority stockholder of the Red Bank and Seatex. That such directors wrongfully and fraudulently sold, transferred and assigned the said leases from the Seatex to the Red Bank. That said

leases were for the production of oil, gas and other hydrocarbon substances in place, together with certain pipe and tubing. That the Red Bank agreed to pay the Seatex $10,000 in cash, and three-sixteenths of seven-eighths of the production of all oil, gas and other hydrocarbon substances from such sands until the sum of $250,000 were paid, together with an additional $250,000 upon further production. That the consideration was inadequate, unfair and unjust. That the reasonable value was in excess of $1,000,000. That the transfer was a fraud upon the Seatex and its minority stockholders, and inured solely to the benefit of the Red Bank. That the vote of said interlocking directorate necessary to accomplish said act, was controlled and dominated as aforesaid. That such transaction was concealed from other stockholders in the annual report to the Seatex, but was known to the stockholders of the Red Bank.

That said transaction will deplete the said oil lands and work irreparable injury to the Seatex unless the Red Bank is enjoined from such production.

The plaintiff brings the action for rescission and to recover said property for the Seatex, because the directors, though notified by the plaintiff to do so, have refused. Restoration of consideration is offered. That the Seatex was defrauded by said acts and damaged in the sum of $1,000,000, for which judgment is prayed, together with reasonable attorneys fees.

Defendants' motion to dismiss is on the ground that the leases relate to lands which are situated in the southern district of Texas, and not in this district.

The plaintiff contends that it is a pure suit in equity, and that since equity acts in personam it may be brought in the residence of either the plaintiff or the defendant, and that its proper situs is in Dallas.

It is a stockholders' bill for the benefit of the corporation. The title to the leases has never been in the plaintiff nor in either of the sued stockholders, nor, if the plaintiff is successful, would the restitution be made to anyone except to the Seatex.

■ It must be remembered that under the law of Texas, a leasehold interest to minerals in place is a title to realty and suits involving the title to real estate must be tried in the county in which the land is situated. Subdivision 14, Art. 1995, R.S.

Tex.1925; Securities & Exchange Commission v. Joiner, 320 U.S. 344, 64 S.Ct. 120, 88 L.Ed. ——.

■ Sections 54 and 57, Judicial Code, 28 U.S.C.A., §§ 115 and 118, provide that suits of a local nature may be aided and ripened if any party interested therein is not within such local jurisdiction by extra territorial process. These two sections do not enlarge jurisdiction; they merely aid jurisdiction to become effective by a longer reach of process on interested defendants residing out of the ordinary jurisdiction of the local court.

It is difficult to see how the plaintiff could secure the rescission relief prayed without disturbing a muniment of title to land situated in another district. Tyler v. Stanolind Oil & Gas Co., 5 Cir., 77 F.2d 802, 804.

The cases cited by him, to-wit, Wilhelm v. Consolidated Oil Corp., D.C., 11 F.Supp. 444, 445; City of Dallas v. Wright, 120 Tex. 190, 36 S.W.2d 973, 77 A.L.R. 709; Hart v. Sansom, 110 U.S. 151, 156, 3 S. Ct. 586, 28 L.Ed. 101; Municipal Investment Co. v. Gardiner, 7 Cir., 62 F. 954; Nelson v. Husted, 8 Cir., 182 F. 921; Camp v. Bonsal, 4 Cir., 203 F. 913; and Coastal Club v. Shell Oil Co., D.C., 45 F.Supp. 859, are either distinguishable, or, not in point. Closer and more applicable decisions are, Weaver v. Atlas Oil Co., D.C., 31 F.2d 484; Tyler v. Stanolind Oil & Gas Co., supra; Northern Indiana R. Co. v. Michigan Cent. R. Co., 15 How. 233, 14 L.Ed. 674; Guaranty Trust Co. v. Fentress, 7 Cir., 61 F.2d 329; Carney v. Commonwealth Oil & Gas Co., D.C., 5 F.Supp. 304; Appalachian Electric Co. v. Smith, D.C., 4 F.Supp. 3, and Choice et ux. v. Texas Company, 2 F.Supp. 160, by this court.

■ Though neither of the corporations, nor the plaintiff, nor any of the individual defendants reside in the southern district, in which is situated the lands that the plaintiff says were fraudulently transferred, the title to which is, therefore, clouded by the transfer, a suit in that district by the same plaintiff and against the same defendants being "local in nature" will reach all of the interested parties by reason of the national statutes heretofore mentioned.

The motion to dismiss must be sustained.