**ST. LOUIS ROYALTY CO. v. CONTINENTAL OIL CO. et al.**

Civ. No. 290.

United States District Court
N. D. Texas, San Angelo Division.

Oct. 21, 1950.

Garrett Logan and Villard Martin, Tulsa, Okl., for plaintiff.

Burney Braly, Ponca City, Okl., G. R. Pate, Fort Worth, Tex., for defendant Continental Oil Co. and other companies not represented by counsel.

Williams, Lee & Kennerly, Jessie J. Lee, Houston, Tex., for defendant, Superior Oil Co.

Carl W. Jones, Midland, Tex., for defendant, Phillips Petroleum Co.

J. K. Smith, Fort Worth, Tex., for defendant, Stanolind Oil & Gas Co.

Myron A. Smith, Fort Worth, Tex., for defendants, Glen M. Ruby, Myron A. Smith, Jeannette F. Ruby, Harry A. Keithly, M. A. McDonnell, and, W. P. Hanson.

ATWELL, Chief Judge.

In 1928, one Anderson deeded a 1/12 interest to Section 30 in the Todd district in Crockett County, Texas, to Charles F. Martin who died in March, 1929.

Martin was the trustee of the syndicate which had been organized in St. Louis, and in whose name the property should be placed. By the will of Martin this property went to David R. Francis and Shelton. From that source, the title went back into the Syndicate.

The lease attempted to be made by Willis, Williams, Francis and Shelton, I doubt was the act of the Syndicate, and did not bind the Syndicate and passed no title to the Continental. But the plaintiff has admitted in open court, in argument, that the lease which the defendants have was valid. The defendants operated under that lease.

A controversy has arisen between the plaintiff and the defendants as to whether that lease had expired, and, I hold that that question must be solved, and resolved in favor of the defendants. I think what took place there afterward was, and is, a valid continuation of that lease.

That is not only shown by a careful reading, I think, of the lease, itself, but, by the facts which surround it. These lessees were diligently seeking value in that hidden soil, and, they eventually found it.

On Section 30 there are seven producing wells, and one dry hole.

The costs of drilling were:

$ 58,000.00
71,310.00
67,000.00
73,000.00
68,441.00
69,167.00
69,121.00
$476,039.00

Costs of operation were; 1946, 1947, and 1948:

$ 70,168.00
2,448.00
35,085.00
44,812.00
$152,513.00

The value of the oil produced, was:

$ 9,480.00
4,189.00
7,645.00
22,242.00
43,980.00
861,767.00
1,126.109.00
$2,075.412.00

Plaintiff had knowledge through its officers, and, through its personnel, that the defendants were producing on the property and were paying the lease rentals, and that that was particularly true with reference to the four men who had assumed the authority of making the lease to that company in 1938.

This suit was instituted in 1950—ten years after. There is no equity for the plaintiff which would save it from this result.

The defendants not only engaged openly in control and use of the property, but they and their affiliated companies, there being eight in all, to wit:

Texas Gulf,
Standard of Texas,
Phillips,
Stanolind,
Sun Oil Company,
Continental,
Superior and
Cities Service,

and the individuals,

M. A. Smith,
Glenn Ruby,
Hanson,
Keithly,
McDonald,
Jeannette Ruby, and
Shultz,

making fifteen-unit property owners, who openly and in public records, asserted ownership and control, and in the payment of taxes.

Now, of those facts, plaintiff, and all the stockholders in the original Syndicate, had knowledge, continuous knowledge, knowledge presented in all forms, by a law-suit, and by the failure to pay taxes themselves, and they knew that the taxes were being paid. It was notorious, open-handed control of that land, and in conjunction with the payment of taxes.

There is not only an equitable laches here, but, there is a formal statute of limitation which applies in the State of Texas, to this matter. Arts. 5507, 5510, 5523a, Vernon's Texas Civil Statutes 1936. Rev. Stat., Texas, 1925, art. 1995, subdivision 14, Robinson v. Seatex Oil Co. et al., D.C., 57 F.Supp. 581.

If we take the figures set forth above, and consider in this Syndicate drilling there were eight companies, and seven individuals, who were diligent, and who were shown in public records, as asserting ownership and control, and in the payment of taxes, it would be unjust to take this property away from the defendants.

Judgment may go for the defendants, dismissing the action.

Aside from the case, but during the rendition of this opinion, the defendants stated that they were willing to do equity, which overture was accepted by the attorneys for the plaintiff, and, I am sure, will be followed out by the parties insofar as the payment of royalty is concerned, as was attempted in the suit instituted in the Tarrant County District Court.