MILLER & LUX INCORPORATED, a Nevada corporation, Plaintiff,

v.

J. Leroy NICKEL, Jr., et al., Defendants.

No. 34043.

United States District Court
N. D. California, S. D.
March 15, 1957.

See, also, 141 F.Supp. 41.

C. Ray Robinson, Merced, Cal., T. Keister Greer, John P. Hodgson, San Francisco, Cal., for plaintiff.

McLaughlin & Casey, Los Angeles, Cal., Joseph Kimble, Thomas Elke, Kimble, Thomas, Snell, Jamison & Russell, Fresno, Cal., Lloyd Tweedt, Derby, Cook, Quinby & Tweedt, San Francisco, Cal., Hewlings Mumper, Meserve, Mumper & Hughes, Los Angeles, Cal., Harold Faulkner, Charles Wiseman, Melvin, Faulkner, Sheehan & Wiseman, Herbert W. Clark, Morrison, Hohfeld, Foerster, Schuman & Clark, San Francisco, Cal., Edwin P. Crail, Long Beach, Cal., William E. Woodroof, Mervyn Phelan, Los Angeles, Cal., Walter M. Gleason, San Francisco, Cal., R. K. Barrows, Harold C. Morton, James McRoberts, Hanna & Morton, Los Angeles, Cal., Walter L. Rowse, Bakersfield, Cal., James D. Adams, Burnham Enerson, McCutcheon, Thomas, Matthew, Griffiths & Greene, San Francisco, Cal., Clayton L. Orn, Calvin A. Brown, Findlay, Ohio, Lynn O. Hossom, Long Beach, Cal., Thomas A. J. Dockweiler, Henry F. Prince, Richard E. Davis, Gibson, Dunn & Crutcher, Los Angeles, Cal., Stanley F. Davie, Oakland, Cal., Martin J. Weil, Sims Hamilton, J. G. Leovy, P. O. Broxon, Roger Williams, Los Angeles, Cal., Walter Hoffman, Edward Chandler, Athearn, Chandler & Hoffman, Richard H. Peterson, William E. Johns, Malcolm MacKillop, Edwin S. Pillsbury, David C. Dunlap, San Francisco, Cal., Robert B. Curtiss, Robert W. Walker, John J. Balluff, Rodney K. Potter, Sidney H. Wall, O'Melveny & Myers, Los Angeles, Cal., Landels & Weigel, San Francisco, Cal., David P. Barcroft, Madera, Cal., Moses Lasky, Richard Haas, Brobeck, Phleger & Harrison, San Francisco, Cal., Borton, Petrini, Conron & Brown, Bakersfield, Cal., Rosson & Pearson, Hanford, Cal., John B. Milliken, Los Angeles, Cal., Joseph A. Ball, Long Beach, Cal., Vincent J. McGovern, San Francisco, Cal., Sheppard, Mullin, Richter & Balthis, Marcus Mattson, John M. Hall, Lawler, Felix & Hall, Los Angeles, Cal., for defendants.

OLIVER J. CARTER, District Judge.

The plaintiff corporation has brought this action against fifty-five defendants, several of whom were formerly officers and agents of plaintiff. The complaint alleges that while these officers and agents were in control of the plaintiff, they conspired to deprive it of many of its large land holdings, pursuant to which the land was conveyed to themselves and others on their behalf; that much of the land has subsequently been conveyed to many of the other defendants named, all of whom are alleged to have taken with notice of the plaintiff's equities.

The plaintiff seeks the imposition of a constructive trust upon all these lands, and all the profits and proceeds which have been realized therefrom; an ac-

counting against each of its former fiduciaries; and in the event the lands have moved into the hands of innocent purchasers, and thus beyond the reach of the constructive trust, the plaintiff asks for a money judgment in the alternative.

Several of the defendants have made motions to dismiss or transfer the action under § 1406(a), Title 28, U.S.C., on the ground that venue is laid in the wrong district, contending that the action is of a local nature. The lands upon which plaintiff seeks to impress the trust are located, not in this district, but in the Southern District of California.

 The relevant provisions are found in Title 28, United States Code. Section 1391 provides that when the jurisdiction of the court is based upon diversity of citizenship, the action is to be brought, except as otherwise provided, where all plaintiffs or all defendants reside. Section 1392 provides that an action, not of a local nature, against defendants residing in different districts in the same state, may be brought in any of such districts. If the action is local, involving property located in different districts in the same state, it may be brought in any of such districts. While § 1392 does not explicitly say so, the intimation is that an action of a local nature, where all the land is located in one district, must be brought within that district. The authorities affirm this. Casey v. Adams, 102 U.S. 66, 26 L.Ed. 52; Eddington v. Texas & New Orleans R. Co., D.C., 83 F.Supp. 230; Robinson v. Seatex Oil Co., D.C., 57 F.Supp. 581. Relevant also is § 1655. This section provides that when an action has been brought to "enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain * * *". Service of process is then authorized upon the defendant personally, or if he cannot be found, then by publication. The primary purpose of this section is to permit constructive service of process in actions involving interests in real or personal property within the district. Greeley v. Lowe, 1894, 155 U.S. 58, 15 S.Ct. 24, 39 L.Ed. 69.

Insofar as § 1655 assumes an action has been brought to affect title to property found within the district, it has come to have a secondary significance as a venue provision; if the plaintiff's claim is one to "enforce any lien upon or claim to" property found within the district, he is thus entitled to service of process by publication upon absent defendants, and at the same time, his choice of venue is not assailable. The defendants have cited several cases demonstrating that an action which seeks to impose a constructive trust can be brought within the scope of this section; thus such an action will support service of process by publication; Porter v. Cooke, 5 Cir., 63 F.2d 637; Anderson v. Benson, D.C., 117 F.Supp. 765; Midstate Amusement v. Rivers, D.C., 54 F.Supp. 738, and makes plaintiff's choice of venue invulnerable to attack; Kelleam v. Maryland Casualty Co., 10 Cir., 1940, 112 F.2d 940, reversed on other grounds, 1940, 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899; Seven Oaks, Inc. v. F. H. A., 4 Cir., 171 F.2d 947.

 From these cases the defendants conclude that § 1655 commands that an action to impose a constructive trust be brought within the district in which the land sought to be reached is located. With that proposition this Court does not agree. The provision which defines those actions which *must* be brought in the district in which the land is located is § 1392, and the criterion is whether the action is "of a local nature". No doubt the great bulk of cases which can be brought within § 1655 will be cases of a local nature, because of the close correlation in our system between actions which are local, and actions which are termed in rem, or quasi in rem. It is the latter concept which more accurately defines the actions which can be brought within § 1655, inasmuch as its

primary function is to authorize service of process by publication.

No case has been cited wherein an action which sought to impose a constructive trust upon lands located in another district was dismissed because it was a local action. The defendants point to Robinson v. Seatex Oil, supra [57 F. Supp. 582], but there it appears that plaintiff was seeking a direct rescission of conveyances of lands located in another district. The court states:

"It is difficult to see how the plaintiff could secure the rescission relief prayed without disturbing a muniment of title to land situated in another district."

This, I think, makes the case distinguishable from the instant one, wherein plaintiff does not seek a decree which directly disturbs title to land in another district.

█ In support of the contention that this action is not one of a local nature, plaintiff relies heavily upon the case of Massie v. Watts, 1810, 6 Cranch 148, 3 L.Ed. 181. There Chief Justice Marshall rested the distinction between local and transitory actions upon whether the action involved "an unmixed question of title, or a case of fraud, trust, or contract". " * * * Where the defendant in the original action is liable to the plaintiff, either in consequence of contract, or as trustee, or as the holder of a legal title acquired by any species of *mala fides* practiced on the plaintiff, the principles of equity give a court jurisdiction, wherever the person may be found, and the circumstance, that a question of title may be involved in the inquiry, and may even constitute the essential point on which the case depends, does not seem sufficient to arrest that jurisdiction." But, say the defendants, Massie v. Watts was dealing with a problem of jurisdiction, and at a time when there were no federal venue statutes relating to local action. It is true that these provisions relating to local actions were not enacted until 1858, 11 Stats. 272, forty-eight years after Massie v. Watts was decided. But Massie was adhering to the rule that

there is but one court which has jurisdiction to try a local action; the expanded venue statutes of 1858 provided that when an action was local, but the land was located in two or more districts, the action could be brought in either district. Congress was not here attempting to redefine local actions, but was merely incorporating into the venue statutes the theretofore recognized distinction between local and transitory actions, and the jurisdictional limitations accompanying them; it is difficult to see that the Congressional concept of a local action under that statute is to be treated as wholly foreign to the distinctions observed by Marshall years earlier. Nor has any case been cited which indicates that Marshall's definition of a local action is to be treated with only historical interest in our time. To the contrary, we find the distinction still being recognized and applied.

In Mandley v. Backer, 73 App.D.C. 412, 121 F.2d 875, 876, the plaintiff sought to impose a constructive trust upon property located in another district. The trial court dismissed the complaint, and was reversed by the appellate court which relied upon Massie v. Watts and said:

"The proper parties were before the court, and in such a case it is within its power to make a decree on an equity subsisting between the parties respecting property situated out of the jurisdiction."

In Landell v. Northern Pac. Ry., D.C., 98 F.Supp. 479, the plaintiffs sought an adjudication that the title to property which the defendants held be set aside, and an accounting. The land being located in another district, the defendants contended that the action was local and therefore venue was improper. The court denied the motion, and held the action to be transitory on the precise ground which plaintiff invokes here, viz., the definition stated in Massie.

Counsel for both sides have discussed the propriety of consulting state law to determine the nature of this action. In so far as the cause of action being en-

forced here is one created by the laws of California, and brought to this Court because of diversity of citizenship, the nature of the action under California law is not without significance. Moreover, there is respectable authority indicating that the state law is to be taken into consideration in settling the local versus transitory question. Choice v. Texas, D. C., 2 F.Supp. 160; Josevig-Kennecott Copper v. James F. Howarth Co., 9 Cir., 261 F. 567; Peyton v. Desmond, 8 Cir., 191 F. 1; Erwin v. Barrow, 10 Cir., 217 F.2d 522.

The most recent expression of the California Supreme Court upon this subject was in Neet v. Holmes, 19 Cal.2d 605, 122 P.2d 557, 560, where the Court was drawing the distinction between local and transitory actions under its own venue statutes. The Court said:

"In Turlock Theatre Co. v. Laws, supra [12 Cal.2d 573, 86 P.2d 345, 120 A.L.R. 786], it was pointed out that an action is transitory rather than local where the right to any real property sought by the plaintiffs depends upon the outcome of a controversy concerning a personal obligation of the defendants, and the judgment rendered thereon would be one to enforce such an obligation. The nature of the action here is essentially transitory, that is, the defendants would be entitled to have it tried in the county of their residence, if the determination of an estate or interest in land is merely incidental to the determination of a cause for equitable relief in trust, fraud, or contract. The nature of the action is local, and must be tried in the county where the land is situated, where it turns on the title to property as distinct from the personal obligation, and the decree operates ex proprio vigore on the title."

■ It cannot be disputed, in the light of this language, what characterization would be made of this action if it were being brought in a California court. This classification being compatible with the conclusion reached under the federal authorities, this Court is convinced that this action is not of a local nature under § 1392.

■ Three of the defendants have also filed a motion for dismissal or transfer under § 1404(a):

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

No contention is, nor could be made that it would be more convenient for the parties or witnesses to have this action tried in the Southern District. The "interest of justice" alone is argued as the basis for transfer. See: Cinema Amusements v. Loew's, Inc., D.C., 85 F.Supp. 319, 326; Paragon-Revolute Corp. v. C. F. Pease Co., D.C., 120 F.Supp. 488, 491; Tivoli Realty v. Paramount Pictures, D. C., 103 F.Supp. 174, 176.

The argument rests essentially upon the proposition that as this action is one involving, in part, lands located in the Southern District, that this Court should transfer to the Southern District where the court, by virtue of its jurisdiction over these lands, can serve process by publication and make use of the state lis pendens law, both of which will enable the court to make a more effective and complete disposition of this litigation.

This Court has not been persuaded that there is an imperative need for constructive service of process in order to effect a complete settlement of this litigation. The moving parties on this motion, in arguing that other parties may need to be brought in, do so largely on a speculative basis. They rest this possibility upon the fact that plaintiff has twice joined additional parties and has alleged in its complaint that its still continuing investigation may result in further charges being filed. In each case it must be assumed that the potential party is beyond the reach of the process of this Court. Defendant does point to three specific parties who are not amenable to the process of this Court, for they are residents of Arizona; but these parties

are not named as defendants in the complaint and their absence is the worry of the plaintiff. It is not shown that their absence would in any way prejudice the rights of named defendants.

Further, the supposed need of lis pendens and constructive process to adequately handle this litigation cannot in any way affect plaintiff's alternative claim for damages. If absent parties have or acquire land upon which the plaintiff seeks to impose a trust, damages may be awarded to plaintiff against those who are before the court and who were responsible for the transfers.

The motions to dismiss or transfer are denied. Counsel for plaintiff shall prepare and present an order in conformity herewith.