**Rex W. RAMEY, Appellant,**

v.

**E. M. YOUNG, Appellee.**

No. 13487.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 2, 1959.

Rehearing Denied Sept. 30, 1959.

Anderson & Porter, Corpus Christi, for appellant.

Stafford, Atlas & Spilman, McAllen, for appellee.

BARROW, Justice.

This suit was brought by E. M. Young against Rex W. Ramey and Thurman L. Weaver on a promissory note in the sum of $11,250, dated March 27, 1956, and due April 26, 1956. Based upon plaintiff's motion, the pleadings, the note, the affidavits and depositions on file, the trial court rendered summary judgment in favor of plaintiff and against defendants for the full amount of principal, interest and attorney's fees provided for in said note. Defendant Rex W. Ramey alone has appealed.

The appellant predicates this appeal upon two points, wherein he contends that the court erred in granting a summary judgment because the record shows genuine issues of fact. Appellant contends, first, that there was evidence to show that the due date of the note was extended to September 1, 1957, and that the suit brought on June 14, 1957, was prematurely brought, and, second, that there was evidence to show that there was no consideration for the note and that there was a failure of consideration for the note.

In the spring of 1956, the appellant and Thurman L. Weaver were engaged in an enterprise of drilling an oil well on what is known as the Gustin Garrett Lease owned by appellant in the Harding-Lindahl Subdivision in Willacy County, and sold fractional interests in the working interest in the lease to appellee and other persons.

About the month of February, 1956, appellee bought an undivided 5/32 interest in the working interest, subject to an outstanding overriding royalty, and paid to appellant and Weaver the sum of $11,250 therefor, with the agreement that the well was to be drilled on the Garrett Lease. Shortly thereafter it was decided to drill the well on the D. W. Harper Lease, where-

upon appellee demanded the return of his money. At a meeting of the parties held on March 27, 1956, it was agreed between Weaver, appellant and appellee to leave appellee out of the deal and to return his money, but having no cash at the time, in lieu thereof, Weaver and appellant executed and delivered to appellee the note in question.

Under Rule 166-A, Texas Rules of Civil Procedure, when the trial judge proceeds to hear a motion for summary judgment, he may only decide from what is before him, whether or not any genuine issue of fact as to any material matter is presented, and whether or not as a matter of law the moving party is entitled to judgment, Hester v. Weaver, Tex.Civ.App., 252 S.W.2d 214, and the court accepts as true all evidence of the party opposing the motion. Reese v. Davitte, Tex.Civ.App., 255 S.W.2d 1015.

We have examined the record in the light of the foregoing rule and have concluded that the record raises no genuine issue of fact as to any material matter on either of appellant's points, and that as a matter of law appellee was entitled to summary judgment against the defendants.

With reference to the issue of an extension of time for payment of the note, the only evidence presented was the testimony of defendant Weaver and appellee's attorney, Howard J. Stafford, Jr. Weaver testified that about the month of April, 1956, Mr. Stafford granted an extension until after the harvest, which he understood to mean the cotton harvest, and that would mean to him "September 1, 1956." He did not testify as to any other extension. Mr. Stafford testified that no extensions were granted, and further testified that Mr. Weaver came to his office and promised to give a second chattel mortgage lien on his cotton crop as security for said note if appellee would wait until the end of the 1957 crop harvest season, "but again Mr. Weaver failed to perform." Consid-

ering the testimony in the light most favorable to defendants, it is apparent that no extension was granted beyond September 1, 1956. Moreover, the evidence fails to show that the claimed extension agreement was supported by consideration and, therefore, it is ineffectual. Fischer v. Wood, Tex.Civ.App., 119 S.W.2d 114. Therefore, the suit filed in June, 1957, was not prematurely brought.

As to appellant's second point, the record shows without dispute that the execution of the note was for the return of appellee's money and in satisfaction for any interest he might have in either of said leases or in the drilling operations. There is no evidence that appellee, after the execution of the note, claimed any interest in, or had anything to do with, the leases or defendants' operations thereon. Weaver and appellant both signed the note containing the recitation, "Payment for money advanced by Payee for oil & gas interest of makers hereby released," and apparently were satisfied with this release. The record fails to show that defendants at the time requested any release from appellee, and at no time prior to the filing of defendants' second amended answer on February 4, 1958, did defendants demand or even request such release. The record fails to show that appellee ever received an assignment of any interest in either lease. The record shows without dispute that after the execution of the note defendants drilled the well, which resulted in a dry hole, long prior to any claim that they desired a release from appellee. The record shows that appellee paid $11,250 for the note, and also shows, by the testimony of both defendants, that they signed the note because appellee was demanding his money and was threatening legal action unless he got it. Having accepted the note in lieu of cash due him under the agreement, and having failed to take legal action, such forbearance constitutes in law a valuable consideration. Therefore, the execution of the note was supported by ample consideration. Art. 5933, Vernon's Ann.Civ.Stats.;

Aydelotte v. Anderson, Tex.Civ.App., 284 S.W.2d 804. The burden rested upon defendants to offer testimony which would raise an issue of fact upon the alleged issues of want and failure of consideration, and the issue of extension, and having failed to do so, the trial court correctly rendered summary judgment for appellee.

The judgment is affirmed.