Eugene E. LABBE et al., Appellants,

v.

MAGNOLIA PETROLEUM COMPANY et al., Appellees.

No. 13812.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 18, 1961.

Rehearing Denied Nov. 15, 1961.

Sidney P. Chandler, Corpus Christi, Jerry T. Chandler, New York City, for appellants.

Lloyd, Lloyd & Dean, Alice, Thomas Fletcher, James W. McCartney, Vinson, Elkins, Weems & Searls, Houston, Perkins, Floyd & Davis, Alice, Ross Madole, Dallas, R. T. Wilkinson, Jr., Roy L. Merrill, Houston, for appellees.

MURRAY, Chief Justice.

This suit was instituted by Eugene E. Labbe and a number of other plaintiffs, against Magnolia Petroleum Company, Union Producing Company, and a number of other defendants, seeking to have an oil and gas lease on plaintiffs' land declared void or terminated, and seeking damages in several separate and connected causes of action. The plaintiffs and defendants Magnolia Petroleum Company, Mobil Oil Company, Socony Mobil Oil Company, Inc., and Union Producing Company filed motions for summary judgment. Six other defendants filed disclaimers and were dismissed from the suit. Defendants Sidney P. Smith, George E. Elliott and Addie L. Elliott filed only formal answers.

Upon a hearing, plaintiffs' motion for summary judgment was overruled, and defendants' motion for summary judgment granted. Upon motion of both plaintiffs and defendants, the defendants Sidney P. Smith, George E. Elliott, and Humble Oil & Refining Company were dismissed from the suit. Judgment was rendered declaring the lease to be a subsisting instrument, and the plaintiffs were denied any relief whatsoever. The plaintiffs, Eugene E. Labbe et al., have prosecuted this appeal.

Appellants' first point is that the lease contract dated October 28, 1936, hereinafter referred to as the "Labbe Lease", is contrary to public policy and void.

It appears that there was a prior lease, dated November 12, 1924, which resulted in litigation. This litigation was compromised and out of the litigation grew the Labbe Lease here involved.

The Labbe Lease contains the following:

"The judgment of the lessee, when not fraudulently exercised, in carrying out the purposes of this lease shall be conclusive. * * *

"The covenants of lessee mentioned in this lease, as well as all implied covenants, are not to be understood as conditions and the breach of one or all of same will not work a forfeiture, abandonment or termination of this lease except the failure to drill or pay rentals provided for in paragraphs number four (4) and eleven (11) hereof.

"After discovery of oil, gas, or other minerals upon said premises, the title to all minerals in and upon and underlying the surface of the land described in this lease shall remain and be vested in lessee and shall not revert to lessor nor end until there is a complete, absolute and intentional abandonment by lessee of each and all of the purposes, either expressed or implied, of this lease and every part and parcel of the lands described herein. Such abandonment is the only manner by which lessee's title to said minerals can be ended and title to said minerals be reinvested in lessor."

■ These are the provisions of the Labbe Lease that appellants contend are void as being contrary to public policy. We overrule this contention. As parties bind themselves so shall they be bound. One of the basic public policies of this State is the right of parties to contract and to have their contracts enforced by the courts. Missouri, K. & T. R. Co. of Texas v. Carter, 95 Tex. 461, 68 S.W. 159.

■ The obligation of a lessee to develop as a reasonably prudent operator may be relieved by contract. Coats v. Brown, Tex.Civ.App., 301 S.W.2d 932; Warren v. Amerada Petroleum Corp., Tex.Civ.App., 211 S.W.2d 314; Simms Oil Co. v. Flewel-

len, 138 Tex. 63, 156 S.W.2d 521; Magnolia Petroleum Company v. Page, Tex.Civ.App., 141 S.W.2d 691; Cowden v. Broderick & Calvert, Inc., 131 Tex. 434, 114 S.W.2d 1166, 117 A.L.R. 61; Ralph v. Magnolia Petroleum Company, Tex.Civ.App., 95 S. W.2d 222.

Appellants' Point Two reads as follows:

"The provisions of the lease of October 28, 1936, as expressed in sections 1, 2, 3, 4 and 5 are not controlled by the sentence—'The judgment of the lessee, when not fraudulently exercised, in carrying out the purposes of this lease shall be conclusive.'—or by section 8 of the lease, for such subsequent provisions are plainly contradictory of the express purposes of the lease and to sustain the contradictory sections destroys and renders the lease inoperative and void."

■ We overrule this point. The trial court correctly held, as a matter of law, that the provisions of the lease were not conflicting or invalid. The lease provided, among other things, that it was made to lessee for the purpose of investigating, exploring, prospecting, drilling, mining and operating for and producing oil, gas and all other minerals, etc., and later the lease provides that "The judgment of the lessee, when not fraudulently exercised, in carrying out the purposes of this lease shall be conclusive." There is nothing inconsistent between these two provisions. In the absence of the latter provision there would be an implied covenant requiring the lessee after the discovery of oil or gas in paying quantities, to use such diligence in drilling and developing the lease for oil and gas as a reasonably prudent operator would use under the same or similar circumstances, but in the light of the latter provision, the lessee would not be required to further develop the lease unless lessee in making a decision not to do so acted fraudulently or at least in bad faith. Magnolia Petroleum Company v. Page, supra.

Appellees accompanied their motion for summary judgment with affidavits showing that the Labbe Lease covers some 2,360 acres. Magnolia Petroleum Company and Union Production Company drilled twenty-three wells on the lease and other defendants drilled three wells. All of these wells were drilled to a relatively shallow horizon, none were drilled below 4,000 feet. Appellants were insisting that wells should be drilled to the Wilcox and Queen City sands, which were very deep sands.

Appellees showed by affidavits that the nearest well drilled to the Wilcox formation was one-half mile northwest of the leased premises, and was unproductive in the Wilcox and Queen City sands; that the closest production well in the Wilcox or Queen City sands, at the time this action was filed, in May, 1958, was approximately three and one-half miles southwest of the lease in a separate field; that this well and other wells in that field gave no indication with respect to the productive potential on the lease at such depths. Russell Barrett, a geologist employed by Union Producing Company, Paul Harrison, a petroleum engineer, and James W. Mooney, Jr., a geologist, both employed by Magnolia Petroleum Company, concluded from a review of available logs and well information, that it would be impossible to state with any degree of reliability that a well drilled on the lease to the Wilcox or Queen City sands would produce any oil or gas—much less produce in quantities sufficient to recover the operator's cost and return a profit; and as to the shallow production, that appellees could not reasonably expect to recover their total investment from the wells situated on the lease, and that additional wells, in view of the present information available, are economically unjustified; that there is shallow sand that offers a hope of additional production known as the "Schernowski," but it is a "river-bed type of deposit," highly erratic and difficult to locate geologically, and that well-seeking production from this zone would be a "wildcat" having no probability of success.

Appellants filed no affidavits controverting the expert opinions of Barrett, Harrison and Mooney. They did file in connection with their motion for summary judgment, a number of exhibits, consisting of surface maps, well production sheets filed by various operators other than appellees, and an "Oil Map" of Duval County, which is supposed to locate the productive fields in the area. No structure maps, geological data or statements of qualified persons with respect to the productive potentials of the Labbe Lease were filed by appellants.

In view of the fact that the Labbe Lease provided that the decision of lessee in carrying out the purposes of the lease, when not fraudulently exercised, shall be conclusive, the burden was upon appellants to show by affidavit, deposition, admissions on file, or other instruments, that appellees, in not further developing the Labbe Lease, had acted fraudulently or at least in bad faith. Appellees established that they had not acted in bad faith, and appellants did not come forward with affidavits, or other instruments permitted by Rule 166–A, Texas Rules of Civil Procedure, which would contradict this fact. Appellants quote at length from their pleadings, but a motion for summary judgment pierces the pleadings, and when appellees showed, in the manner provided by Rule 166–A, supra, their good faith in not further developing the lease, it was incumbent upon appellants to come forth with affidavits, depositions and other instruments to show that appellees had acted in bad faith.

■ Appellants contend that at the trial they expected to place appellees' officers and employees upon the witness stand and draw from them admissions, and that appellants could not be expected to produce affidavits from adverse parties. Appellants did not ask for delay or for time to take depositions from adverse parties and their employees. See Rule 166–A, supra. Under all the circumstances here shown, this was their duty. Bruce Construction Corp. v. United States, 5 Cir., 242 F.2d 873; Garcia v. United States, 108 F.Supp. 608, 123 Ct. Cl. 722; Stafford v. Wilkinson, 157 Tex. 483, 304 S.W.2d 364. Appellees under their showing were entitled to a summary judgment. Ramey v. Young, Tex.Civ.App., 327 S.W.2d 772; City of San Antonio v. Castillo, Tex.Civ.App., 293 S.W.2d 691; Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236. The affidavits, depositions and other instruments offered by appellees were sufficient to show prima facially that they acted in good faith, and as appellants did not, in the manner provided by Rule 166–A, supra, show bad faith, the appellees were entitled to a summary judgment.

■ Appellants assert that the lease lapsed because production was not kept up for a certain period of time, some eleven to thirteen years ago. Since that time appellants have recognized the validity of the lease, and are now barred from raising such matters. Texas & Pacific Coal & Oil Co. v. Kirtley, Tex.Civ.App., 288 S.W. 619; St. Louis Royalty Co. v. Continental Oil Co., D.C., 93 F.Supp. 599, modified 5 Cir., 193 F.2d 778.

■ Appellants next contend that under the terms of the lease appellees were expressly required to continue to investigate, explore, prospect, drill, mine and operate for the production of oil, gas and all other minerals until wells had been drilled over the entire 2,360 acres. This construction of the lease was rejected by the Supreme Court, speaking through Justice Smith,. in Clifton v. Koontz, 160 Tex. 82, 325 S.W.2d 684, 696, 79 A.L.R.2d 774, wherein the Court said:

"We agree that, under the terms of the lease, the lessee has the right to explore, but it does not necessarily follow that the lessee is under a duty to explore. To follow petitioners' argument would be to adopt the theory advanced in their 'Outline of Argument', filed in this Court, that 'In an oil and gas lease, the implied covenant reasonably to explore obligates the lessee to

drill when a ready, able and willing operator would drill regardless of the certainty of profit.' "

This holding by the Supreme Court was made in a case in which the implied covenant of reasonable development applied. Here it is admitted that there is no implied covenant to develop.

■ Appellants next contend that the lease has been abandoned by lessees except as to ten acres surrounding each existing well. We overrule this contention. Oil having been discovered in paying quantities on a part of the lease, it is thereby perpetuated as long as oil or gas is produced in paying quantities, and the lease cannot be regarded as abandoned as to parts of the lease where no wells have been drilled, or as to any lower strata not developed. W. T. Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.2d 27; Leonard v. Prater, Tex.Com.App., 36 S.W.2d 216, 86 A.L.R. 49; Hines v. Hanover Co., Tex.Com.App., 23 S.W.2d 289.

■ Appellants further contend that appellees determined that certain portions of the Labbe Lease were not productive of oil or gas, and further determined to cease exploration and development thereof, so that the lease, or the portions about which such decision had been made, therefore terminated. We overrule this contention. The Labbe Lease vested in lessees the fee simple determinable fee to the 2,360 acres. Under the terms of the lease lessees were guaranteed the right to exercise their own judgment in developing the lease. It is not shown that appellees have acted fraudulently or in bad faith in the development of the lease. Even in a lease where the reasonable development rule applies, a lessee is not required to drill unless it can be shown such operation will be profitable. Appellees have, from time to time, drilled additional wells. They have consistently reviewed the records of wells drilled in the area, and have assembled the well and geological information available, to revise and maintain a current appraisal of the possibilities of the lease. This shows diligence and good faith.

The record shows that there is no genuine issue as to any material fact, and therefore the trial court properly granted the summary judgment in appellees' favor.

Appellants complain because the court dismissed the defendants Sidney P. Smith, George E. Elliott and Addie L. Elliott from the suit. Appellants do not show that they were prejudiced in any way by this action. If the court erred in this respect, under the provisions of Rule 434, T.R.C.P., it was harmless error.

The judgment is affirmed.