**HARRY DREIS, as Executor of the Estate of Mildred T. Bishop, Deceased, Appellant**

v.

**GEORGE T. KELLY, III**

No. 13,518

United States Court of Appeals

Third Circuit

Argued January 30, 1962

Decided June 13, 1962

*See, also, 304 F.2d 3*

SAMUEL J. DAVIDSON, ESQ., Jersey City, New Jersey, *for appellant*

EVERETT B. BIRCH, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before WOODBURY*, GANEY and SMITH, *Circuit Judges*

GANEY, *Circuit Judge.*

The appellant in this matter, Harry Dreis, is the executor of the Estate of Mildred T. Bishop, deceased, who appeals from a judgment entered in the District Court of the Virgin Islands granting the motion of the defendant, George T. Kelly, III, to dismiss the complaint for lack of jurisdiction of the person of the defendant.

There are three causes of action alleged in the complaint. The first cause of action avers that the plaintiff's decedent, Mildred T. Bishop, who died on July 6, 1958, and Cory Bishop were tenants in common of 55 acres of land known

*Chief Judge of the First Circuit, sitting by special designation.

as Catherineberg or Hammerfarm, located on the Island of St. John, which they conveyed by deed on April 16, 1955, to George T. Kelly, III, "as trustee." The deed was properly recorded and Mildred T. Bishop, it is alleged, did not receive any consideration from the defendant for the conveyance. The conveyance was made on the condition that the defendant hold the premises "as trustee," but that contrary thereto, the defendant executed a Declaration of Trust in favor of Ethel Bay Bishop for life with the remainder to her daughter, Rosemary Fallon. Subsequent thereto, on July 27, 1956, Cory Bishop, Ethel May Bishop, Rosemary Fallon and Leo, her husband, executed an agreement whereby the Declaration of Trust was revoked and the defendant then remained vested with title to the premises "as trustee" and upon demand by Mildred T. Bishop, he refused to convey the same to her. The first prayer of the plaintiff's complaint is that the District Court revoke all conveyances made to George T. Kelley, III, "as trustee," and re-establish title in fee simple to the extent of her one-half interest therein at the time conveyance was made by her to George T. Kelly, III, "as trustee" in the estate of Mildred T. Bishop and, further, direct a reconveyance of said property so that the estate of Mildred T. Bishop be again restored to the rights of Mildred T. Bishop in the property.

The second cause of action in the complaint alleges that the said George T. Kelly, III, defendant herein, Ethel May Bishop and Cory Bishop conspired with each other and persons unknown to the plaintiff, to fraudulently induce and trap said Mildred T. Bishop to convey her interest in the said property to George T. Kelly, by misrepresenting to her that the said property would be held in trust by him for her, whereas he intended, at all times during the making of said misrepresentations, that he, the defendant, George T. Kelly, III, would select beneficiaries of the trust of his choice without the consent or knowledge of the said Mildred

T. Bishop. In this cause of action the plaintiff prays for a judgment "establishing a trust in favor of Ethel May Bishop, deceased, to the end that it may be declared that the said Estate is the owner of said premises, in common, with those persons to whom Cory Bishop in his lifetime may have conveyed his interest; discovery of all facts leading to the execution of the aforesaid Deed to George T. Kelly, III, as trustee; and an injunction restraining the execution of any documents to George T. Kelly, III, individually or 'as trustee,' conveying the plaintiff's interest in said premises until the issues herein are determined or as the Court shall direct."

The third cause of action, on argument, was abandoned by the plaintiff and there are left but the two causes of action hereinabove adverted to.

Previously, defendant moved for dismissal of the action on the ground that the Complaint (1) failed to state a complete cause of action; (2) the District Court lacked jurisdiction of the persons or, in the alternative, to quash the writ of service on the ground that the defendant had not been properly served, and (3) the action was barred by the statute of limitations. The District Court granted the defendant's motion for dismissal for lack of jurisdiction and the case is before this Court on appeal.

The plaintiff proceeds on the assumption that this is an action *in rem*, merely because the property which is in dispute is in the Virgin Islands, and that even though the defendant, George T. Kelly, III, an attorney, lives in Orlando, Florida, on the facts asserted in the Complaint, the service on him by publication is valid.

■■ It was early well settled that the mere presence in the district in which the court is located of real property is not sufficient to make the proceeding one *in rem* or *quasi in rem*. It is encumbent upon the plaintiff to do something in connection with the property to bring the matter within the actual control of the Court. Pennoyer v. Neff, 95 U.S. 714,

367

24 L. Ed. 565. To the same effect is Walrus Manufacturing Co. v. New Amsterdam Casualty Co., D.C., 184 F. Supp. 214, 222; Miller & Lux, incorporated v. Nickel, D.C., 149 F. Supp. 463, 466–467. Here, the entire object of the suit is to determine the personal rights and obligations of the defendant and is solely a matter *in personam* and service by publication is ineffectual since personal service of the defendant is requisite.

Further, the defendant, George T. Kelly, III, is not the owner of the land in question because, as pointed out in Bishop v. Bishop, 3 V.I. 655, 662, 257 F.2d 495, 499—which case considered the entire transactions in this case—by an "instrument entitled 'Revocation of Trust, Conveyance and Assignment to Ethel May Bishop' ", Cory, Ethel May Bishop, her daughter, Rosemary Fallon, and her husband, Leo Fallon, terminated the trust which the defendant, George T. Kelly, III, had declared in favor of Ethel May for life, with the remainder to her daughter, discharged the trustee and conveyed the entire title to the trust property to Ethel May in fee simple, free of said trust. Accordingly, the District Court did not have the proper parties before it to enter any decree whatsoever.

Accordingly, the judgment will be affirmed.